John **PERROTE, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Donald E. PERCY, Secretary of Department of Health and Social Services, et al., Defendants.**

No. 78–C–27.

United States District Court, E. D. Wisconsin.

July 11, 1978.

Corrections Legal Services Program by Carol W. Medaris, Madison, Wis., for plaintiff.

Bronson C. LaFollette, Wis. Atty. Gen. by Nadim Sahar, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have filed a motion to dismiss, for failure to state a claim upon which relief can be granted, that portion of the complaint which seeks damages for the alleged violation of 42 U.S.C. § 1983 committed by the defendants in connection with their removal of the plaintiff from the work/study release program in which he was enrolled while confined at the Oakhill Correctional Institution.

The defendants assert that the claim for damages is barred because the plaintiff failed to serve notice of his claim for damages upon the Wisconsin attorney general as required by § 895.45(1), Wis.Stats. (1975). The latter statute prohibits the commencement of a civil action against a state officer or employee for any act committed by the employee in the course of his duties unless a written notice of claim is first served on the attorney general within 90 days of the event causing the damage in question. The defendants in this action are state officers and employees and are alleged to have taken the acts complained of in the course of their duties as such. An affidavit has been supplied by the defendants to substantiate the assertion that the plaintiff never served a written notice of claim upon the Wisconsin attorney general.

The plaintiff argues that in an action under § 1983 a plaintiff is not required to file a notice of claim in accordance with § 895.45. The plaintiff relies on several cases which have held inapplicable state tort claim statutes in actions brought under § 1983. See e. g. *Donovan v. Reinbold,* 433 F.2d 738, 741 (9th Cir. 1970); *Mathias v. City of Milwaukee Department of City Development,* 377 F.Supp. 497 (E.D.Wis.1974); *Skrapits v. Skala,* 314 F.Supp. 510 (N.D.Ill. 1970).

In my opinion, the plaintiff's position is correct. The defendants have cited no authority for the proposition that a state procedural statute such as § 895.45 can be invoked to bar an action brought under § 1983. Acceptance of the defendants' position would unacceptably elevate subtleties of state procedural law above the avenue of relief created by Congress for the protection of federal constitutional rights from deprivations by persons acting with state authority. *Donovan v. Reinbold,* supra, at 742.

I have recently held that the limitations placed by § 895.43 on the amount of damages recoverable in an action against a state officer or employee have no applicability in an action under § 1983. *Harris v. Harvey,* no. 75–C–612 (June 26, 1978). I believe that the same holds true with respect to § 895.45. Thus, the defendants' motion will be denied.

Therefore, IT IS ORDERED that the defendants' motion to dismiss the plaintiff's claim for damages be and hereby is denied.