MARGARET TOMAS, Plaintiff-Appellant, v. UNIVERSAL HEALTH SERVICES, INC., d/b/a Belmont Community Hospital, *et al.*, Defendants (The City of Chicago *et al.*, Defendants-Appellees).

First District (3rd Division) No. 84—2137

Opinion filed June 25, 1986.

Law Office of Tom Leahy, of Chicago (Tom Leahy and Michael W. Cusick, of counsel), for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Philip L. Bronstein and Joseph A. Moore, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Plaintiff, Margaret Tomas, appeals from an order of the circuit court of Cook County entered June 11, 1984, dismissing counts III through VII of her amended complaint against the city of Chicago, a municipal corporation, and Chicago police officers Patricia Stoner, star No. 3417, Ralph Kingsley, star No. 6695, Thomas Bagnall, star No. 16960, and Norman Taylor, start No. 14232. Plaintiff also appeals from a subsequent order denying her motion to vacate the June 11 order. Defendants Universal Health Services, Inc., d/b/a Belmont Community Hospital, and Carmelita DeLeon, against whom counts I and II of the amended complaint are directed, are not parties to this appeal.

On November 2, 1983, plaintiff filed an amended seven-count complaint alleging causes of action for negligence (counts I and V), wilful and wanton misconduct (counts II and VI) and the violation of her civil rights pursuant to Title 42, sections 1983 and 1988 of the United States Code (42 U.S.C. secs. 1983, 1988 (1976)), and the first and fourteenth amendments to the Federal Constitution (counts III, IV and VII). The complaint arose from an incident which occurred at Bel-

mont Community Hospital on November 24, 1981, and which culminated in plaintiff's arrest and imprisonment.

On November 21, 1983, the city of Chicago and the defendant police officers filed a motion to strike the complaint and dismiss the municipal defendants for failure to comply with section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102). The trial court granted defendants' motion on June 11, 1984, and on August 6, 1984, plaintiff's motion to vacate the June 11 order was denied.

The sole issue presented for our review is whether plaintiff's failure to comply with section 8—102 bars her constitutional civil rights claims. Plaintiff concedes that the common law counts of her amended complaint were properly dismissed on this basis.

Section 8—102 is the notice provision of the Local Governmental and Governmental Employees Tort Immunity Act (the Act). It requires that within one year from the date of injury or cause of action, any person who is about to commence a civil action for damages on account of such injury, against a local public entity or its employees whose act caused the injury, must serve written notice on the entity. The notice required is the name of the person to whom the cause of action has accrued, the name and address of the injured person, the date, hour and location of the accident, the general nature of the accident and the name and address of the attending physician and treating hospital, if any.

No court of this State has directly addressed the issue of whether section 8—102 bars suits alleging the deprivation of constitutional or statutory civil rights pursuant to section 1983. This court has, however, cited *Luker v. Nelson* (N.D. Ill. 1972), 341 F. Supp. 111, as authority for the proposition that section 8—102 does not apply to causes of action brought pursuant to 42 U.S.C. sec. 1983. (See *e.g., Firestone v. Fritz* (1983), 119 Ill. App. 3d 685, 456 N.E.2d 904; *Streeter . v. County of Winnebago* (1976), 44 Ill. App. 3d 392, 357 N.E.2d 1371.) In *Luker*, the court reviewed the legislative history of the Act and concluded that the legislature never intended the Act to cover section 1983 civil rights suits brought against municipal employees. The court reached that conclusion because it found that the Act was aimed at the protection of municipalities that recently had become amenable to suit and, at the time the Act was adopted, such local units of government were not amenable to suit under section 1983. The court further noted that the legislature apparently did not intend to extend the application of the Act beyond standard common law torts and no State courts had so extended its reach. 341 F. Supp. 111, 116-19.

We find the *Luker* analysis persuasive and thus hold that section 8–102 of the Local Governmental and Governmental Employees Tort Immunity Act does not apply to causes of action alleging a deprivation of civil rights under section 1983. We therefore reverse the dismissal of counts III, IV and VII of the amended complaint and remand this cause to the trial court for further proceedings consistent with this opinion.

For the foregoing reasons, the June 11, 1984, and August 6, 1984, orders of the circuit court of Cook County are affirmed in part and reversed and remanded in part.

Affirmed in part, and reversed and remanded in part.

RIZZI, P.J., and McNAMARA, J., concur.