**Ira WARREN**

**v.**

**James NOLAN and Lyndon Abbott.**

Supreme Judicial Court of Maine.

Argued Jan. 13, 1988.

Decided Feb. 9, 1988.

Joseph Steinberger, (orally), Rockland, for plaintiff.

Edward W. Gould (orally) Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendants.

James E. Tierney, Atty. Gen., William R. Stokes (orally), Asst. Atty. Gen., (amicus curiae) Augusta.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

GLASSMAN, Justice.

Ira Warren appeals from the summary judgment entered by the Superior Court, Knox County, in favor of the defendants James Nolan and Lyndon Abbott on the ground that Warren had not complied with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 (1980).[1]

---

1. 14 M.R.S.A. § 8107 provides in pertinent part:

**1. Notice requirements for filing.** Within 180 days after a cause of action against a

Because we agree with Warren that the record reveals a genuine issue of material fact, we vacate the summary judgment.

In his complaint, Warren identified the defendants as Maine State Police officers, but did not allege that the officers made the claimed defamatory statements in the scope of their employment. Warren did not assert a cause of action against any governmental entity as the defendants' employer.

The defendants in their answer alleged, *inter alia,* the affirmative defense of Warren's failure to comply with section 8107. Thereafter, pursuant to M.R.Civ.P. 34 and 36, the defendants served Warren with a request for admission of failure to comply with section 8107 and for a copy of such notice if Warren claimed compliance. When Warren did not respond to the request within the time period provided by the rules, the defendants moved for a summary judgment on the ground that Warren's failure to respond to the request established that he had not complied with section 8107. The trial court granted the defendants' motion, and Warren appeals.

On appeal Warren contends that the trial court erred in granting the defendants' motion for summary judgment because 1) he could not, and did not, assert a claim against the defendants' governmental employer, and accordingly, notice of a claim pursuant to section 8107 is not required, and 2) there remains a genuine issue of the material fact of whether the defendants made the alleged defamatory statements in the course of their employment as state police officers.

Summary judgment is not appropriate unless the pleadings, depositions, affidavits and admissions show that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c); *Finn v. Lipman,* 526 A.2d 1380, 1383 (Me.1987).

In *Darling v. Augusta Mental Health Institute,* 535 A.2d 421 (Me.1987), we interpreted the notice provisions of section 8107 to require a claimant "to notify the governmental entity of a claim against its employee *for conduct within the scope of employment* even though no claim is asserted against the entity itself." *Id.,* at 430 (emphasis added). Accordingly, we need not determine whether Warren *could* assert a claim against the Maine State Police. By his complaint he *did* assert a claim against two employees of that governmental entity without having notified that entity of the claim. Therefore, we review the record to determine if the defendants met their burden of establishing that there was no genuine issue as to the material fact of whether the defendants made the alleged statements in the scope of their employment. *Peoples Heritage Bank v. City of Saco,* 527 A.2d 320, 321 (Me.1987); *Darling,* 535 A.2d at 431.

We disagree with the defendants that the identification of the defendants as employees of the Maine State Police in Warren's complaint and his acknowledged noncompliance with section 8107 entitled the defendants to a summary judgment as a matter of law. Because it remains a disputed factual issue whether the defendants were acting in the scope of their employment when the alleged defamation of Warren occurred, the trial court erred in granting the defendants' motion for summary judgment.

The entry is:

> governmental entity accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit; a claimant or his personal representative shall file a written notice....
> 
> ....
> 3. **Notices.**
> A. If the claim is against the State or an employee thereof, copies of the notice shall be addressed to and filed with the state depart-

> ment, board, agency, commission or authority whose act or omission is said to have caused the injury and the Attorney General.
> 
> ....
> 4. **Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with.

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.