Mark S. **MUELLER**

v.

**PENOBSCOT VALLEY HOSPITAL, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 4, 1987.
Decided March 8, 1988.

Charles W. March (orally), Stephen P. Sunenblick, Sunenblick, Fontaine & Reben, Portland, for plaintiff.

George Z. Singal (orally), Gross, Minsky, Mogul & Singal, Bangor, for Hospital.

Arlyn H. Weeks (orally) Preti, Flaherty, Beliveau & Pachios, Portland, for Kirley.

William R. Stokes (orally), Asst. Atty. Gen., Augusta, amicus curiae.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

Plaintiff, Mark Mueller, appeals from a judgment of the Superior Court, Penobscot County, in favor of the defendants, Penobscot Valley Hospital and Francis P. Kirley. On appeal plaintiff argues that the Superior Court erred in granting summary judgment based on plaintiff's failure to comply with the Maine Tort Claims Act's 180–day notice provision (14 M.R.S.A. § 8107 (1980)) because the provision is inapplicable to his tort action against defendant Kirley and to his claims against both defendants for breach of contract and deprivation of liberty under 42 U.S.C. § 1983 (1981). We affirm the judgment in part and vacate and remand it in part.

I.

From October of 1973 until August of 1978, Mark Mueller worked as a certified nurse anesthetist at Penobscot Valley Hospital (P.V.H.). In 1978, a dispute developed between Mueller and P.V.H. concerning Mueller's alleged insubordination, billing practices and record-keeping with regard to pharmaceuticals. P.V.H. suspended Mueller effective August 9, 1978, and shortly thereafter he resigned. On October 10, 1978, the plaintiff and P.V.H.'s administra-

tor signed a "mutual release" from all claims and causes of action involving the plaintiff's departure from P.V.H. In a letter dated September 20, 1978, P.V.H.'s attorney notified plaintiff's attorney that the hospital would not mention the circumstances surrounding plaintiff's termination in any employment recommendation, and would purge his file of references to those events.

In November 1983, plaintiff took a job at St. Anthony's Hospital in Alton, Illinois, as a nurse anesthetist. As part of the employment process he signed an "information release" that authorized the recipient to give St. Anthony's any information concerning the plaintiff's professional and ethical qualifications, competence and personal character. A request for information was sent by St. Anthony's to P.V.H. and in a letter dated December 14, 1983, Kirley, then administrator of P.V.H., responded stating that "I cannot recommend Mr. Mueller due to his questionable character and dishonest behavior during his term at our institution." Shortly after St. Anthony's receipt of the unfavorable letter of recommendation, the plaintiff was relieved of his position. He also alleges that his mother telephoned Kirley on or about December 27, 1983, seeking an employment reference and was told that the plaintiff's file contained something concerning drugs, but that the matter was resolved out of court.

On December 9, 1985, almost two years later, the plaintiff commenced this action. His amended complaint against defendants P.V.H. and Kirley[1] contains allegations of slander (Count I); tortious interference with an advantageous business relationship (Count II); breach of contract (Count III); and deprivation of liberty without due process of law premised upon 42 U.S.C. § 1983 (1981) (Count IV). Motions by both defendants for summary judgment on all counts were granted by the Superior Court in a written order dated January 16, 1987, on the ground that the plaintiff had failed to file a notice of claim within the 180–day period as required under the Maine Tort Claims Act (14 M.R.S.A. § 8107 (1980)).[2] It is from this order that the plaintiff appeals.

## II.

The first issue raised by the plaintiff on appeal is whether the notice provisions of the Maine Tort Claims Act (14 M.R.S.A. § 8107 (1980)), apply to Kirley for the causes of action sounding in tort alleged in Counts I and II of the amended complaint. Relevant portions of the notice provisions provide as follows:

1. **Notice requirements for filing.** Within 180 days after a cause of action against a governmental entity accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180–day limit, a claimant or his personal representative shall file a written notice ...

. . . .

4. **Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with.

14 M.R.S.A. § 8107(1), (4) (1980).

There is no question that P.V.H. is a "governmental entity" and Kirley a "governmental employee" as the terms are defined in 14 M.R.S.A. § 8102(1), (2) (1980 & Supp.1987). It is also undisputed that the plaintiff provided no notice of his claims to

---

1. The complaint also named P.V.H.'s personnel director and attorney as party defendants, but the plaintiff later voluntarily dismissed his action against them.

2. A motion by plaintiff to amend his complaint a second time was also before the court when it considered and granted the defendants' motions for summary judgment. Since the court took no action on the motion to amend, it is the plaintiff's first amended complaint and not

plaintiff's proposed second amended complaint that is properly before this court. Although P.V.H. was explicitly dropped as a defendant under Counts I and II of the draft second amended complaint, Counts I and II of the first amended complaint are also restricted to defendant Kirley since the plaintiff has clearly abandoned his action against P.V.H. under those counts on appeal.

P.V.H. or Kirley within 180 days of his termination from St. Anthony's Hospital. The plaintiff argues, however, that since Kirley enjoys no immunity under either common law or the Maine Tort Claims Act, the Act's notice requirements are inapplicable to the tort claims against Kirley as an individual. The plaintiff also maintains that the Act's notice provisions do not apply to his tort claims against Kirley because such notice is required only when the governmental entity is not immune from tort liability itself, or may be held vicariously liable for an employee's conduct.

■ We easily reject plaintiff's arguments in light of our recent decision in *Darling v. Augusta Mental Health Institute*, 535 A.2d 421 (Me.1987). In *Darling* we stated that the Tort Claims Act reflects the state's significant interest in regulating the conditions under which suit can be brought against governmental employees. *Id.* at 429. We found that § 8107 is unambiguous in its requirement that a claimant notify a governmental entity of a claim against its employee for conduct within the scope of his employment even though no claim is made against the entity itself. *Id.* at 430; *see also Warren v. Nolan*, 536 A.2d 1134 (Me.1988). Consequently, contrary to the plaintiff's arguments, the applicability of the Tort Claims Act's notice requirements to tort claims against a governmental employee is not dependent upon either the immunity of the governmental entity or the employee, or the entity's vicarious liability for the employee's conduct.[3] Since the plaintiff provided no notice to P.V.H. of his tort claims within the 180 days required by the Act, the Superior Court correctly entered summary judgment in favor of the defendants on the tort claims set forth in Counts I and II of the plaintiff's complaint.

■ The second issue raised by the plaintiff is whether the Superior Court erred in granting summary judgment on Counts III and IV of the plaintiff's complaint. The Superior Court's order granting summary judgment to the defendants was grounded solely on the plaintiff's failure to file a timely notice of claim as required by the Tort Claims Act in 14 M.R.S.A. § 8107. The court stated that the plaintiff's failure to file the required notice barred its examination of the substantive issues of the case. The order did not distinguish, however, between Counts I and II of the amended complaint alleging causes of action in tort, and Counts III and IV alleging causes of action arising from breach of contract and under 42 U.S.C. § 1983, respectively. Since the Tort Claims Act clearly does not apply to contract actions or actions brought pursuant to 42 U.S.C. § 1983, the Superior Court erred in granting summary judgment to the defendants on Counts III and IV.

Although a broad reading of certain language of 14 M.R.S.A. § 8107 might suggest that the notice requirement applies to *any* cause of action against a governmental entity, the Tort Claims Act must be construed as a unified statutory scheme. *See Faucher v. City of Auburn*, 465 A.2d 1120, 1124 (Me.1983). When viewed in its entirety, the Act clearly indicates that the Legislature intended its provisions to apply only to actions arising in tort. The statute is specifically designated as the "Maine Tort Claims Act," *see* 14 M.R.S.A. § 8101 et seq. (1980), and the Act's elimination of certain governmental immunity is limited to "negligent acts or omissions causing property damage, bodily injury or death."

---

**3.** We also reject plaintiff's argument that even if the Tort Claims Act's notice provisions do apply to Counts I and II of his complaint, summary judgment is inappropriate since he is entitled to a "good cause" exception to the notice requirements under 14 M.R.S.A. § 8107(1). The question of good cause is itself a question of fact. *See Nadeau v. City of South Portland*, 424 A.2d 715, 716 (Me.1981) (per curiam). Although the Superior Court's order did not expressly address the plaintiff's good cause argument, we assume that as a question of fact the issue was resolved and rejected in the Superior Court's ultimate conclusion granting summary judgment to the defendants. *See Town of Eustis v. Stratton–Eustis Development Corp.*, 516 A.2d 951, 953 (Me. 1986); *Erickson v. State*, 444 A.2d 345, 350 (Me. 1982) (the court did not err in failing expressly to consider whether the plaintiff had good cause for not giving notice within the 180 day period). We find no indication that the Superior Court's treatment of the "good cause" issue constituted clear error. *See Nadeau*, 424 A.2d at 716.

14 M.R.S.A. § 8104 (Supp.1987). The legislative history of the Tort Claims Act also indicates that the Legislature intended the Act to apply only to tort claims. In response to our decision in *Davies v. City of Bath*, 364 A.2d 1269 (Me.1976), the Legislature promptly undertook consideration of a bill to restore the common law doctrine of sovereign immunity. Legislative Document No. 87 (108th Legis.1977) entitled "An Act to Establish the Maine Tort Claims Act," originally provided that "all governmental entities and employees acting within the course and scope of their duties shall be immune from suit on any and all claims seeking recovery of damages." Legislative Document No. 87 was redrafted as Legislative Document No. 162 (108th Legis.1977), and that bill was subsequently enacted by emergency legislation as Chapter 2 of the Public Laws of 1977. As redrafted, L.D. 162 provided that 14 M.R.S.A. § 8103 should read "all governmental entities shall be immune from suit on any and all *tort* claims seeking recovery of damages." (emphasis added). This amendment to the Tort Claims Act during the enacting process confirms that the Legislature intended the Act to apply to tort claims only.

It is clear from reading the Tort Claims Act in its entirety and from its legislative history that the Act was not intended to apply to causes of action for breach of contract. There is also nothing in the Act or its legislative history to indicate that its notice provisions were intended by the Legislature to apply to civil rights actions brought under 42 U.S.C. § 1983.[4] We therefore join the majority of federal and state courts that have, for a variety of reasons, reached the same conclusion that state or local notice provisions are inapplicable to actions brought pursuant to § 1983.[5]

■ Although the Superior Court's order granting summary judgment in favor of the defendants was in error as to Counts III and IV, the order may be upheld if it achieves the correct result. *Procise v. Electric Mutual Liability Insurance Co.*, 494 A.2d 1375, 1381 (Me.1985); *Allstate Insurance Co. v. Lyons*, 400 A.2d 349, 352 (Me.1979). We find that summary judgment was in fact the correct result in Count III for breach of contract as it ap-

---

**4.** We note that the United States Supreme Court held in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) that § 1983 actions should be characterized as tort actions for personal injuries for purposes of determining the applicable period of limitations. *Id.* at 276, 105 S.Ct. at 1947; *see Small v. Inhabitants of the City of Belfast*, 796 F.2d 544, 546 (1st Cir.1986). It does not follow, however, that this tort characterization subjects § 1983 actions to the limitations and procedures of tort claims acts. The Court clearly indicated in *Wilson* that the § 1983 action in that case was limited by the New Mexico statute providing a 3–year limitations period for personal injuries and not by the 2–year statute of limitations of the New Mexico Tort Claims Act. *Wilson*, 471 U.S. at 280, 105 S.Ct. at 1949. The First Circuit has also indicated that the Maine 6–year limitations period applicable to personal injury actions (14 M.R.S.A. § 752 (1980)), is to be employed in suits brought pursuant to § 1983 and not the 2–year limitation period found in 14 M.R.S.A. § 753 (1980), which is the same length as the limitation period applicable to the Maine Tort Claims Act (14 M.R.S.A. § 8110 (1980)). *Small*, 796 F.2d at 546.

**5.** Examples of courts holding notice provisions are inapplicable to § 1983 actions: *Brown v.*

*United States*, 742 F.2d 1498, 1508–10 (D.C.Cir. 1984), *cert. denied* 471 U.S. 1073, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985); *Rosa v. Cantrell*, 705 F.2d 1208, 1221 (10th Cir.1982), *cert. denied* 464 U.S. 821, 104 S.Ct. 85, 78 L.Ed.2d 94 (1983); *Willis v. Reddin*, 418 F.2d 702, 704–05 (9th Cir. 1969); *Doty v. Rochester City Police Dept.*, 625 F.Supp. 829, 830 (W.D.N.Y.1986); *Cain v. City of Chicago*, 619 F.Supp. 1228, 1233 (N.D.Ill.1985); *Waller v. Butkovich*, 584 F.Supp. 909, 946 (N.D. N.C.1984); *Perrote v. Percy*, 452 F.Supp. 604, 605 (E.D.Wis.1978); *Williams v. Horvath*, 16 Cal.3d 834, 129 Cal.Rptr. 453, 458, 548 P.2d 1125, 1130 (1976); *Overman v. Klein*, 103 Idaho 795, 654 P.2d 888, 892 (1982); *Tomas v. Universal Health Services, Inc.*, 145 Ill.App.3d 663, 99 Ill.Dec. 451, 452, 495 N.E.2d 1186, 1187 (1986); *Mellinger v. Town of West Springfield*, 401 Mass. 188, 515 N.E.2d 584, 588–89 (1987). Examples of courts applying notice provisions in actions brought pursuant to § 1983: *Indiana Dept. of Public Welfare v. Clark*, 478 N.E.2d 699 (Ind.Ct.App. 1985), *cert. denied* 476 U.S. 1170, 106 S.Ct. 2893, 90 L.Ed.2d 980 (1986); *Mills v. County of Monroe*, 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456 (1983) *cert. denied* 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983); *Felder v. Casey*, 139 Wis.2d 614, 408 N.W.2d 19 (Wis.1987), *cert. granted* —— U.S. ——, 108 S.Ct. 326, 98 L.Ed. 2d 354 (1987).

plies to defendant Kirley, but was not the proper resolution of Count III as it applies to P.V.H., or of Count IV against both defendants. Summary judgment will be granted to either the moving party or the non-moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." M.R.Civ.P. 56(c). It is undisputed that defendant Kirley was employed by P.V.H. from April 1982 to November 1984. He was not a party to any contract made between P.V.H. and the plaintiff following plaintiff's resignation from P.V.H. in 1978, and he is not personally liable for breach of any such contract. *See Porshin v. Snider*, 349 Mass. 653, 212 N.E.2d 216, 217 (1965) (defendant general manager of a company not personally liable for a contract created on behalf of the defendant company); *see also Cort v. Bristol–Myers Co.*, 385 Mass. 300, 431 N.E.2d 908, 911 n. 5 (1982); *see generally* Restatement (Second) of Agency § 320 (1958). We therefore uphold the Superior Court's order granting summary judgment for defendant Kirley in Count III.

■ The plaintiff's breach of contract claim against P.V.H., however, does contain issues of material fact that preclude summary judgment in P.V.H.'s favor. The breach of contract claim essentially involves three documents: (1) the mutual release from all claims and causes of action involving plaintiff's departure from P.V.H., (2) the letter from P.V.H.'s attorney stating that the hospital would purge plaintiff's file and would not mention the circumstances surrounding plaintiff's termination in responses to reference requests, and (3) the information release signed by the plaintiff. This case obviously contains factual issues concerning the existence, nature and alleged breach of any contract between the plaintiff and P.V.H. Also in dispute is whether the plaintiff, in signing St. Anthony's information release, did so in reliance upon P.V.H.'s promise that it would not convey certain negative information about him. "While it is true that the determination of whether an agreement is totally or partially integrated is a matter of law ... [d]isputes over the existence of a binding agreement or the substance of negotiations present classic issues for the factfinder." *Harriman v. Maddocks*, 518 A.2d 1027, 1030 (Me.1986) (citations omitted). Finding no alternative ground on which to uphold the Superior Court's decision, we vacate the summary judgment for P.V.H. in Count III.[6]

■ Contrary to the defendant's contentions, there are also no alternative grounds that would justify summary judgment of plaintiff's claim under 42 U.S.C. § 1983 in Count IV. Both defendants argue that the plaintiff presents no constitutional basis for his § 1983 claim.[7] The plaintiff's complaint essentially alleges that defendants P.V.H. and Kirley, acting under the color of state law, communicated slanderous statements that damaged the plaintiff's professional reputation and employment relationship, and deprived him of liberty and due process of law.[8] In *Paul v.*

---

**6.** We reject an additional argument raised by P.V.H. that under *Drake v. Smith*, 390 A.2d 541, 543 n. 3 (Me.1978), it enjoys sovereign immunity from suits in contract. The fact that P.V.H. is owned and operated by Maine Hospital District # 1, a quasi-municipal operation, does not provide P.V.H. with the sovereign immunity possessed by the State of Maine.

**7.** We again reject P.V.H.'s contention of sovereign immunity, *see* n. 6, raised this time in the context of plaintiff's § 1983 claim. Under the United States Supreme Court's decision in *Monell v. Department of Social Service*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (overruling *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct.

473, 5 L.Ed.2d 492 (1961)), P.V.H. is considered a "person" subject to liability under 42 U.S.C. § 1983. *Id.* 436 U.S. at 691, 98 S.Ct. at 2036; *see also Beaulieu v. City of Lewiston*, 440 A.2d 334, 338 n. 5 (Me.1982).

**8.** 42 U.S.C. § 1983 reads in part as follows:
**§ 1983 Civil action for deprivation of rights**
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

*Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1975), the United States Supreme Court indicated that two elements must be shown in cases such as the one at bar to establish a liberty or property interest sufficient to invoke the procedural protection of the due process clause: (1) damage to reputation, and (2) damage to some more tangible interest such as employment. *Id.* at 702. The plaintiff has met these requirements through his allegations of injury to his reputation *and* the creation of a stigma that foreclosed his freedom to take advantage of other employment opportunities. *See Corbitt v. Andersen,* 778 F.2d 1471, 1474–75 (10th Cir.1985) (applying *Paul v. Davis* in an action factually similar to the instant case); *see also Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). Because the plaintiff's § 1983 action meets the requirements of *Paul v. Davis* and contains a factual dispute as to the defendants' alleged deprivation of plaintiff's employment opportunities, we find no alternative grounds on which to uphold the Superior Court's order for summary judgment on plaintiff's claim under § 1983 in Count IV of his amended complaint.

The entry is:

Judgment affirmed on Counts I and II and on Count III as to defendant Kirley. Judgment vacated on Count III as to Penobscot Valley Hospital and on Count IV as to the hospital and Kirley. Case remanded for proceedings consistent with the opinion herein.

All concurring.

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.