**Leon KAKITIS**

v.

**Clifton PERRY, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 15, 1995.

Decided June 5, 1995.

Francis M. Jackson, Portland, for plaintiff.

Edward J. Kelleher, Drummond, Woodsum & MacMahon, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

■ Plaintiff, Leon Kakitis, appeals from a summary judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) in favor of defendants, Clifton Perry, Frederick Brown, Richard McKeough, Francis Amoroso, David McCarthy, and Robert Gorham. The court ruled that plaintiff's tort claim was barred because he failed to comply with the notice provisions of the Maine Tort Claims Act. We conclude that the court erred in holding that the notice given by plaintiff was inadequate, and therefore we vacate the judgment.

Plaintiff was the director of special education for the City of Westbrook School Department. In March 1993, he sent a notice of claim to the City concerning the destruction of his property. The notice stated in relevant part:

2. The basis of my claim or cause of action is as follows: arising from the negligent conduct of various employees of the City of Westbrook in destroying my personal property and thereby causing me extreme emotional distress.

3. The name and address of the person or entity causing my injury is the City of Westbrook School Department acting through members of the custodial staff.

Plaintiff later filed a complaint against individual employees of the school district for negligence and negligent infliction of emotional distress. Plaintiff alleged that the defendants negligently threw out various resource materials and personal items that he had packed for transfer to the high school.

Defendants filed a motion to dismiss for failure to comply with the notice provisions of the Maine Tort Claims Act. The court treated the motion as a summary judgment motion and held that plaintiff's claim was barred because he failed to notify the governmental entity that a claim against its employees would be made. Plaintiff appeals.

■ When reviewing a grant of a summary judgment, we view the evidence in the light most favorable to the party against whom judgment has been granted, and review the trial court decision for errors of law. *Smith v. Voisine*, 650 A.2d 1350, 1352 (Me. 1994). We independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *Cushman v. Tilton*, 652 A.2d 650, 651 (Me.1995).

The Maine Tort Claims Act governs tort claims against a governmental entity or its employees. 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1994); *Smith v. Voisine*, 650 A.2d 1350, 1352 (Me.1994). The Act requires that written notice be given to a governmental entity within 180 days after a cause of action accrues. 14 M.R.S.A. § 8107(1). The notice is required to contain the following:

A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;

B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

C. The name and address of any governmental employee involved, if known;

D. A concise statement of the nature and extent of the injury claimed to have been suffered; and

E. A statement of the amount of monetary damages claimed.

§ 8107(1). In *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 429–30 (Me.1987), we rejected the contention that the notice provision of the Act does not apply to a suit against the employees of a governmental entity when the entity itself is not sued. We held that section 8107 "requires a claimant to notify the governmental entity of a claim against its employee for conduct within the scope of his employment even though no claim is asserted against the entity itself." *Id.* at 430. *See also Mueller v. Penobscot Valley Hosp.*, 538 A.2d 294, 297 (Me.1988); *Warren v. Nolan*, 536 A.2d 1134, 1135 (Me. 1988).

■ Although we reject plaintiff's request that we reexamine our interpretation of the Act in *Darling*, we find that plaintiff's notice

was sufficient to meet the requirements of the Act.[1] Contrary to the ruling of the Superior Court, the Act contains no requirement that a plaintiff's notice of claim specify whether he intends to bring an action against the employees rather than against the governmental entity itself. The Act requires only "[a] concise statement of the basis of the claim." 14 M.R.S.A. § 8107(1). Our decision in *Darling* refers to the necessity for filing a notice of claim rather than the content of the notice. We reject the Superior Court's reasoning that in the absence of specific reference in the notice of claim that a plaintiff intends to file a claim against employees, the governmental entity is somehow prejudiced in regard to its right or obligation to defend and indemnify its employees. The governmental entity in this case received a timely notice, and has been deprived of neither an opportunity to investigate nor an opportunity to seek to achieve a settlement on its own behalf or on behalf of its employees. The contents of plaintiff's notice complies with the requirements of the Act.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**1.** Although plaintiff did not identify the names and addresses of the governmental employees involved, he referred in his notice to "the negligent conduct of various employees of the City of Westbrook" and stated that "[t]he name and address of the person or entity causing my injury is the City of Westbrook School Department acting through members of the custodial staff." The name and address of any governmental employee involved is required only if known. 14 M.R.S.A. § 8107(1)(C). There is no indication in the record that plaintiff knew these particulars at the time he filed the notice of claim.