STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-114

iPAYMENT, INC. and
iPAYMENT OF MAINE, INC.

Plaintiffs

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

JUL 13 2005

RECEIVED

v.

ORDER ON DEFENDANTS'
MOTION TO DISMISS

STEPHEN GOODRICH and
POWERPAY, LLC

Defendants

## FACTUAL BACKGROUND

The following allegations, made in plaintiffs' Amended Complaint are relevant to the instant Motion to Dismiss.

Plaintiff iPayment, Inc. ("iPayment) is a corporation organized under the laws of the State of Delaware. Plaintiff iPayment of Maine, Inc. ("iPayment-Maine"), also a Delaware corporation, is a subsidiary of iPayment. The plaintiffs are providers of credit and debit card-based payment processing services to merchants. In August 2002, iPayment, through iPayment-Maine, merged with First Merchants Bancard Services, Inc. ("FMBS"). FMBS was also in the business of providing credit card processing services to merchants. In conjunction with the merger, plaintiffs and FMBS entered into an agreement ("Merger Agreement") whereby plaintiffs purchased FMBS' assets, including its intellectual property.

Defendant Stephen Goodrich ("Goodrich") was a principal shareholder of FMBS. In conjunction with the merger, Goodrich sold his interest in FMBS to plaintiffs and entered into an agreement with plaintiffs ("Agreement") regarding his ability to solicit

1

or service customers of FMBS, solicit employees of FMBS and disclose confidential information. Under the Agreement, Goodrich agreed, for a period of three years following the merger, not to provide credit card payment services to any of plaintiffs' customers existing on the closing date of the sale. He also agreed not to interfere with or disrupt, or to attempt to interfere with or disrupt, any past, present or prospective business relationship identified by FMBS as of the closing date of the merger. He agreed not to solicit, call on, or service any customer of plaintiffs or FMSB that existed as of the closing date of the sale. Goodrich further agreed not to hire any employee or consultant of plaintiff or to induce any employee or consultant of plaintiffs to terminate their relationship with plaintiffs. Finally, Goodrich agreed not to use or disclose confidential information regarding the customers of FMSB or plaintiffs.

Goodrich is a founding manager of PowerPay, LLC ("PowerPay"), a Maine limited liability company that is in the business of providing credit card processing services to merchants. Plaintiffs allege that PowerPay is in competition with them and that PowerPay was created for the purpose of enabling Goodrich to engage in conduct that violates the Agreement. Plaintiffs further allege that PowerPay is the alter ego of Goodrich.

Plaintiffs have filed the instant action against Goodrich and PowerPay consisting of the following counts: (1) Breach of Contract (non-solicitation); (2) Breach of Contract (non-disclosure); (3) Negligent Misrepresentation; (4) Demand for an Accounting. Plaintiffs are seeking preliminary[1] and permanent injunctions enjoining Goodrich and PowerPay, and all persons or entities in active concert or participation with them from: (1) contacting or soliciting business from any entity or individual that was a customer or prospective customer of either plaintiffs or FMBS for a period of three years from the

---

[1] Although the plaintiffs prayer for relief seeks both preliminary and permanent injunctive relief, there is no motion for a preliminary injunction pending before this court.

date of the injunction; (2) disclosing to others, or using for their benefit or the benefit of others, any confidential of proprietary information of plaintiffs of FMBS; and (3) directing Goodrich and PowerPay to disclose to plaintiffs the details of every disclosure or use by Goodrich and/or PowerPay of plaintiffs' proprietary information, and every use of such information by others resulting from any such disclosure. Plaintiffs further request (4) an accounting of all revenues and profits attributable to Goodrich and/or PowerPay's doing business with or soliciting customers or agents in violation of the Agreement; (5) damages; and (6) attorney's fees and costs.

## DISCUSSION

The defendants, for different reasons, have moved to dismiss certain of the claims against them. PowerPay has moved for dismissal of the breach of contract claims brought against it because, it argues, it is not a proper party to the action. According to PowerPay, because it was not a signatory to the Agreement between plaintiffs and Goodrich, it is not bound by that Agreement and may not be held liable under it. Goodrich moves for dismissal of the breach of contract claims brought against him, arguing that injunctive relief is only available under the contract for violations of the confidentiality provision.[2] According to Goodrich, plaintiffs have not adequately alleged a breach of that provision and so are not entitled to injunctive relief. Further, to the extent that plaintiffs allege breaches of other provisions, such as the non-solicitation provision, because injunctive relief is not provided for in the Agreement, Goodrich argues that the plaintiffs are not entitled to more relief than they bargained for.

I.    Is PowerPay a Proper Party?

---

[2] The court notes that both Goodrich and PowerPay brought their motion to dismiss prior to plaintiffs' filing of their amended complaint. Because the Amended Complaint alleges additional counts for negligent misrepresentation and for an accounting, the instant motion does not relate to those claims.

PowerPay contends that it is not a proper party to this action because it did not sign the Agreement entered into by plaintiffs and Goodrich. In its motion, filed before plaintiffs' Amended Complaint, Powerpay argued that it, as an independent legal entity, may not be held liable under the Agreement unless it is an alter ego of Goodrich. Because plaintiffs' original complaint did not allege that PowerPay is the alter ego of Goodrich, PowerPay asserted that plaintiffs' breach of contract claim against it must be dismissed for failure to state a claim. The Amended Complaint, however, which this court granted plaintiffs leave to file in its May 24, 2005 order, includes an "alter ego" allegation.

As PowerPay correctly points out, "it is well-settled that generally a contract cannot bind a non-signatory." *NetTech Solutions, L.L.C. v. ZipPark.com*, 2001 U.S. Dist. LEXIS 14753 (S.D.N.Y. Sept. 20, 2001). *See also Mueller v. Penobscot Valley Hospital*, 538 A.2d 294, 299 (Me. 1988) (explaining that where a defendant was not a party to a contract, "he is not personally liable for breach of any such contract"). However, as defendants also suggest by way of their argument relating to failure to allege "alter-ego," many courts have held that "a contract can bind a non-signatory where it was signed by the non-signatory's agent, or assigned to the non-signatory, or where the party who signed the contract is the "alter ego" of the non-signatory." *NetTech Solutions*, 2001 U.S. Dist. LEXIS 14753 n.9. *See also Paper v. Allied Textile Cos.*, 235 F. Supp. 2d 8, 20 (D. Me. 2002) (quoting *Penntech Papers, Inc. v. NLRB*, 706 F.2d 18, 23-24 (1st Cir. 1983) for the proposition that "[i]t is the alter ego finding which will bind a nonsignatory to a collective bargaining agreement"); and *Fluehmann v. Assocs. Fin. Servs.*, 2002 U.S. Dist. LEXIS 5755 (D. Mass. March 29, 2002) (recognizing that nonsignatories can be bound to arbitration clauses upon a showing of alter ego status).

Given that, under relevant authority, a nonsignatory may be bound by a contract if it is determined to be the alter ego of the signatory and given too that

plaintiffs have amended their Complaint to include an alter ego allegation, the court concludes that PowerPay is a proper party to this action. Accordingly, defendants' Motion to Dismiss PowerPay as a party is DENIED.

Claims Against Goodrich

Goodrich's arguments in support of dismissal of the claims against him are based on the original Complaint. In the original Complaint, plaintiffs alleged a single breach of contract claim and sought both damages and injunctive relief. In support of the Motion to Dismiss the breach of contract count against him, Goodrich argues that the relief sought by plaintiffs exceeds the relief available to them under the terms of the Agreement. Goodrich argues that, under the Agreement, injunctive relief is only available for breach of the confidentiality provisions not for any alleged improper competition or hiring of employees or others. According to Goodrich, because the bulk of plaintiffs' allegations relate to alleged competition not breach of the confidentiality covenant, the court may not grant plaintiffs more than they bargained for under the Agreement. Goodrich further argues that because the Agreement's period of restraint expires on August 28, 2005, even if injunctive relief were appropriate, this court may not grant such relief insofar as it extends the Agreement's period of restraint. Accordingly, Goodrich argues that plaintiffs have not stated a claim upon which relief can be granted.

In their Amended Complaint, plaintiffs have alleged two separate breach of contract claims. Count I alleges that Goodrich and PowerPay breached the non-solicitation provision in the Agreement. Plaintiffs seek both damages and injunctive relief in that count. Count II alleges breach of the Agreement's non-disclosure provisions. Plaintiffs seek only damages in Count II.

Under the standard of review applicable to motions to dismiss for failure to state a claim upon which relief can be granted, the complaint is reviewed in the light most

favorable to the plaintiffs and the material facts of the complaint are accepted as true. *See Davric Maine Corp*, 2000 ME 102, ¶ 6, 751 A.2d at 1028. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)).

In order to adequately plead a breach of contract claim, a party must allege: "(1) breach of a material contract term; (2) causation; and (3) damages." *See Maine Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248, 1250; and *Maine State Employees Ass'n SEIU Local 1989 v. Department of Corr.*, 682 A.2d 686, 689 n.4 (Me. 1996). In this case, plaintiffs have alleged all that they must to survive the motion to dismiss. Although it may be true that, down the line, plaintiffs will be unable to establish that they are entitled to injunctive relief either pursuant to the terms of the contract or under general equitable principles, at this stage, the court cannot say as a matter of law that plaintiffs have failed to state a claim upon which either equitable or legal relief can be granted.[3] Accordingly, defendants' Motion to Dismiss the breach of contract claims against Goodrich is DENIED.

The entry is

Defendants' Motion to Dismiss is DENIED.

Dated at Portland, Maine this 11th day of July 2005.

Robert E. Crowley
Justice, Superior Court

---

[3] The parties have demonstrated an absence of applicable case law in Maine and a split of authority in other jurisdictions regarding whether a court may issue injunctive relief beyond the terms of a contract. Given the seeming uncertainty of the law on this issue and the importance of resolving it upon a well-developed factual record, a decision regarding the availability of injunctive relief at the motion to dismiss stage would be premature.

COURTS
ıd County
ıx 287
e 04112-0287



JAMES ERWIN ESQ
ONE MONUMENT SQUARE
PORTLAND ME 04101


COURTS
d County
x 287
ə 04112-0287

JOHN MCVEIGH ESQ
PO BOX 9546
PORTLAND ME 04112