H.E. SARGENT, INC.

v.

TOWN OF MILLINOCKET.

Supreme Judicial Court of Maine.

Argued March 7, 1984.

Decided July 10, 1984.

Amerling & Burns by W. John Amerling (orally), Joanne F. Cole, Portland, for plaintiff.

Evans & Rush by Daniel T. Rush (orally), Noel Evans, Millinocket, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

VIOLETTE, Justice.

H.E. Sargent, Inc. ("Sargent") appeals from a judgment entered by the Superior Court, Penobscot County, confirming an arbitration award pursuant to 14 M.R.S.A. § 5937 (1980). The award was made by a panel of arbitrators of the American Arbitration Association and was intended to resolve several claims arising out of the construction of a wastewater treatment plant in Millinocket, Maine. Because we find the award incomplete and ambiguous, we hold that the Superior Court erred in confirming the award. Accordingly, we vacate the judgment and remand to the Superior Court with directions to submit the award to the arbitration panel for clarification.

In July 1976, Sargent entered into a construction contract with the Town of Milli-nocket ("the Town") for construction of a municipal wastewater treatment plant. Sargent subcontracted some of the work, including the installation of the plant's aeration system, to Salter Corporation ("Salter"). Both Sargent's contract with the Town and its contract with Salter contain a clause that requires "any controversy or claim arising out of or relating to [the contracts]" to be "settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." Each contract also provides that judgment upon any award made by the arbitration panel may be entered in any court having jurisdiction thereof.

During construction a dispute arose between Sargent and the Town over the terms of the primary construction contract. A dispute also arose between Salter and Sargent over the terms of the subcontract. Acting pursuant to the Construction Industry Arbitration Rules, Sargent submitted its claims against the Town in a Demand for Arbitration dated June 25, 1979. Sargent's demand states that it incurred additional costs, loss of profits and a claim by Salter, all caused, it claims, by changes in the design of the project as well as by delays created by the action or inaction of the Town or the Town's agent. Sargent sought $809,706.00 in damages. The Town answered Sargent's demand and asserted a counterclaim for $64,400.00 in liquidated damages under the contract. The Town also asserted a claim for the $100,000.00 it claimed to have erroneously paid to Sargent for corrective work that was occasioned by the faulty construction work of Sargent or its subcontractors.

Salter submitted its claim against Sargent in a Demand for Arbitration dated March 26, 1980. Salter sought $205,262.91 in damages, claiming it was required to perform extra work because of delays and design changes. Salter also requested that its claim against Sargent be consolidated with Sargent's claim against the Town and the Town's counterclaim against Sargent since all claims involved "common issues of

fact and law." The panel agreed to hear all the claims in a consolidated proceeding.

On April 4, 1980, legal counsel for the Town, Sargent and Salter attended a pre-hearing conference with the arbitration panel. The panel issued a Report of Pre-hearing Conference dated April 7, 1980, in which the claims of the parties are detailed. As is pertinent to the present appeal, the report reveals that Sargent's $809,706.00 claim against the Town included the $205,262.91 claimed by Salter against Sargent. The report also states that upon request of counsel for Salter and without objection from the other parties, the panel agreed "to enter separate awards at the time of decision, stating separately the award of Salter against Sargent, if any, and the awards of Sargent against the Town of Millinocket and the Town of Millinocket against Sargent, if any." Finally, the report notes that the parties agreed that any pre-trial memoranda filed by the parties together with the Report of Pre-hearing Conference constituted the arbitration submission agreement.

The hearings on the arbitration demands lasted for more than 30 days spanning a period of nearly two years. On September 28, 1982, the arbitration panel issued its award. The panel made the following awards to the parties:

| To Salter | $63,677.79 |
| To Sargent | $119,481.66 |
| To The Town | $60,000.00 |

The award, however, does not follow the simplistic form reproduced here. Instead, the award comprises four and one-half typewritten pages and separately lists the various claims advanced by each party and the corresponding award, if any, granted by the arbitration panel on each claim. The award lists seven separate claims advanced by Salter, six separate claims advanced by Sargent and four separate claims advanced by the Town. The panel conferred an award on four of Salter's claims, on four of Sargent's claims and on one of the Town's claims. Nowhere, however, does the award state the party against whom each individual claim or award was made, nor does it state the interrelationship, if any, of the individual awards. Most importantly, for the proper resolution of all claims advanced by the parties, the award does not state whether the panel found Sargent directly liable for the $63,677.69 awarded to Salter or whether, as would be expected from the terms of the Pre-hearing Report, Sargent was indemnified by the Town against the claims made by, and the award made to Salter.[1] Nevertheless, after various lengthy procedural maneuverings by all parties to the arbitration culminating in Sargent's motion for summary judgment, which the court treated as a motion to confirm the arbitration award pursuant to 14 M.R.S.A. § 5937 (1980),[2] the Superior Court, by order filed July 14, 1983, confirmed the award and entered judgment as follows:

It is hereby ORDERED that the arbitration award # 1110–0145–79, which was entered on September 28, 1982 is confirmed. Judgment is entered for Salter Corporation and against H.E. Sargent in the amount of sixty-three thousand six

---

1. It is here where the dispute in the present case lies. Sargent argues that under the terms of the Pre-hearing Report, Salter's claim against it is really a claim against the Town that Sargent advanced on Salter's behalf. Under this view, Sargent claims entitlement to the aggregate of the amounts awarded to Sargent and Salter minus the amount awarded to the Town—$123,159.45, of which $63,677.79 belongs to Salter. Although not relevant to the determination of the present appeal, we note that the Town originally concurred with this view of its liability under the terms of the award. The Town, however, now claims that pursuant to the terms of

the award, it owes Sargent no more than the difference in the award made to it and the award made to Sargent—$59,481.66—and that it owes Salter nothing.

2. Section 5937 provides:

*Confirmation of an award*

Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 5938 and 5939.

hundred seventy-seven dollars and seventy-nine cents ($63,677.79). Judgment is also entered for H.E. Sargent against Town of Millinocket on its claim in the amount of one hundred nineteen thousand four hundred eighty-one dollars and sixty-six cents ($119,481.66). Judgment is also entered for the Town of Millinocket and against H.E. Sargent in the amount of sixty-thousand dollars and no cents ($60,000.00).

 The entry of a judgment pursuant to 14 M.R.S.A. § 5940 (1980), upon confirmation of an award under section 5937, serves the obvious purpose of allowing court enforcement of the terms of the award made by the arbitration panel. *See Maine Central Railroad v. Bangor and Aroostook Railroad,* 395 A.2d 1107, 1121 (Me.1978). The judgment entered by the court in the present case, however, does not serve such a purpose because the court added to the arbitration award the names of the parties that it decided were responsible for the individual awards made by the arbitrators.[3] In so doing, the court substituted its judgment for that of the arbitration panel and effectively denied the parties the right to have their disputes settled by the arbitrators, not the Superior Court. *Lisbon School Committee v. Lisbon Education Ass'n,* 438 A.2d 239, 245 (Me.1981); *see Maine State Employees Ass'n v. State of Maine, Department of Defense and*

*Veterans' Services,* 436 A.2d 394, 397 (Me. 1981).

 The fact that the court found it necessary to add the names of the liable parties to the panel's award in order to confirm it highlights the legal deficiency in the terms of the award in the present case. Without the terms added by the Superior Court, the award is incomplete and ambiguous, therefore incapable of enforcement. It is a fundamental rule that to confirm an award under 14 M.R.S.A. § 5937 (1980), the award must be "sufficiently clear and definite so that it is susceptible of enforcement and those called upon to enforce it must not be misled nor called upon to pay more than is due." *Lisbon School Committee,* 438 A.2d at 245. The award made by the panel in the instant case lacks the clarity and definiteness necessary for a court of law to confirm and enter judgment thereon. Instead of adding terms to the award to make it capable of enforcement, the Superior Court should have denied confirmation and submitted the case to the arbitrators for a clear statement of the liabilities of the respective parties to the arbitration.

 In the instant appeal, the Town claims that submission to the arbitrators for clarification is barred because Sargent did not apply for modification or correction of the award within the 90 day time limitation of 14 M.R.S.A. § 5939 (1980).[4] Indeed, none of the parties made such an applica-

---

**3.** Specifically, the court 1) entered judgment against Sargent in the amount of $63,677.79, the amount to which the panel found Salter entitled, 2) entered judgment against the Town in the amount of $119,481.66, the amount to which the panel found Sargent entitled and 3) entered judgment against Sargent in the amount of $60,-000.00, the amount to which the panel found the Town entitled.

**4.** Section 5939 provides in its entirety:
 *Modification or correction of award*
 1. *Application.* Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:
 A. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

 B. The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
 C. The award is imperfect in a matter of form, not affecting the merits of the controversy.
 2. *Modification or correction of award.* If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.
 3. *Joinder of application.* An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

tion nor did any party file an application to vacate the award pursuant to 14 M.R.S.A. § 5938 (1980). Sargent, as well as Salter and the Town, however, each filed an application to confirm the award pursuant to section 5937.

We do not agree with the Town that, because one of the parties failed to file an application to modify or correct the award under section 5939, the Court itself is without authority to submit the award to the arbitrators for clarification. Under the provisions of 14 M.R.S.A. § 5935,[5] "if an application to the court is pending under sections 5937 to 5939, on submission to the arbitrators under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in section 5939, subsection 1, paragraphs A and C *or for the purpose of clarifying the award.*" (emphasis added). It is our opinion that, under this part of section 5935, the court has the power to submit the award to the arbitrators for clarification and that it must exercise this authority in cases such as the present one to insure that legally enforceable judgments are entered in an award made under the terms of the Maine Arbitration Act. Given the aforestated deficiencies of the award in this case, the court should have submitted the award to the arbitrators for clarification, attaching such conditions as it deemed appropriate and necessary.

The entry is:

Judgment vacated.

Remanded to the Superior Court with instructions to submit the award to the arbitration panel for clarification consistent with the opinion herein.

All concurring.

5. Section 5935 provides:

*Change of award by arbitrators*

On application of a party or, if an application to the court is pending under sections 5937 to 5939, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in section 5939, subsection 1, paragraphs A

and C or for the purpose of clarifying the award. The application shall be made within 20 days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the opposing party, stating he must serve his objections thereto, if any, within 10 days from the notice. The award so modified or corrected is subject to sections 5937 to 5939.