**MAINE STATE EMPLOYEES ASSOCI-
ATION LOCAL 1989, SEIU**

v.

**STATE DEPARTMENT OF
CORRECTIONS.**

Supreme Judicial Court of Maine.

Argued May 2, 1991.
Decided June 18, 1991.

Sandra S. Carraher (orally), Bureau of Employee Relations, Augusta, for plaintiff.

Timothy L. Belcher (orally), Maine State Employees Ass'n, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Judge.

The State Department of Corrections (State) appeals from a judgment of the Superior Court (Kennebec County, *Alexan-*

*der, J.*) confirming an arbitrator's ruling in favor of Pamela Strickland, a state employee and a member of the Maine State Employees Association, Local 1989, SEIU (MSEA). Because we agree with the State's contention that the monetary portion of the arbitrator's award lacked the clarity and definiteness necessary for the court to enter a judgment thereon, we vacate that portion of the judgment and remand the case with instructions to remand to the original arbitrator for a clarification of the monetary award to Strickland in accordance with this opinion.

## I.

In 1983, while employed as a nurse at the Maine State Prison (prison), Pamela Strickland suffered a work-related injury to her knee and, during the ensuing three-year leave, received workers' compensation benefits. In May 1986, Strickland resumed work at the prison as a clerk under a trial work agreement. Several months later, a prison supervisor met with Strickland to discuss her position and insisted that Strickland choose between continued employment as a clerk or a return to workers' compensation leave. Strickland chose to resume leave and to collect benefits. On December 10, 1988, the prison terminated Strickland's employment, and the MSEA filed a grievance on behalf of Strickland.

The State and the MSEA, pursuant to the arbitration provisions of the collective bargaining agreement, eventually submitted to an arbitrator the following issue for resolution:

Did the State violate the Responsibilities of the Parties, Non–Discrimination and Workers' Compensation Articles of the Professional and Technical Services Bargaining Unit Agreement when it terminated Pam Strickland and failed to return her to work? If so, what shall the remedy be?

After a hearing, the arbitrator issued his decision finding, *inter alia*, that the State had violated the procedural requirements of the collective bargaining agreement.[1] The decision further provided that Strickland "shall be made whole for all losses and expenses incurred as a result of her improper termination," "shall be placed in the first LPN position filled after February 14, 1989," and "shall be made whole for all lost earnings and benefits from the date on which she is placed in that LPN position."

On August 22, 1990, the MSEA filed a motion to confirm the arbitration award in the Superior Court pursuant to 14 M.R.S.A. § 5937 (1980), and the State thereafter filed a timely motion to vacate the award pursuant to 14 M.R.S.A. § 5938. Each of the parties filed a memorandum of law in support of its respective motions. The MSEA urged that the court order the State to pay Strickland full back pay without deduction of the amount of workers' compensation benefits she had received. The State urged that the court had no basis to so modify the award, and should the court determine the award was not sufficiently clear and definite for enforcement, it should be referred to the arbitrator for clarification consistent with 14 M.R.S.A. § 5935. After a hearing, the court issued its order granting the MSEA's motion to confirm the arbitration award and providing that the State must "reinstate Ms. Strickland and pay her full

1. Article 71 of the collective bargaining agreement provided that "[p]rior to possible termination after one year on [workers'] compensation, an employee will receive at least a ninety (90) day notification of the termination process and, at the same time, will be requested to provide an updated, current medical report which assesses his/her ability or tolerance to return to his/her last position." The prison's original letter of notice to Strickland failed to request an updated medical report assessing her current ability to return to work. Strickland responded indirectly to the letter through the MSEA union representative, who informed the prison that Strickland was able to return to work immediately. On November 17, 1988, the prison wrote a second letter to the MSEA requesting the updated medical report, but counsel for Strickland never received this letter. The prison terminated Strickland on December 10, 1988, exactly 90 days after the first notice to Strickland. At a grievance meeting held on February 14, 1989, the MSEA delivered a medical report certifying that Strickland was capable of returning to work. The arbitrator found that a timely favorable report indicating Strickland's ability to return to work had been furnished the prison and its termination of Strickland's employment on December 10, 1988 violated the collective bargaining agreement.

back pay, with no offset for workers' compensation benefits received during the interim period [since her termination]," and the State appeals.[2]

## II.

The State contends on appeal that in the judgment confirming the award the court improperly modified the terms of the arbitration award by including the phrase "with no offset for workers' compensation benefits," thereby disregarding the parties' contractual right to have the issue of the State's entitlement to an offset resolved in arbitration. It argues that the court should have submitted the arbitration award to the arbitrator for a clarification of the phrase "made whole." We agree.

 Pursuant to sections 5937 and 5940 of the Uniform Arbitration Act (Arbitration Act),[3] the court may confirm and enter a judgment on an arbitration award only if that award is unambiguous and enforceable by its terms, assuring that the judgment so entered will likewise be "sufficiently clear and definite that it is susceptible of enforcement." *Sargent v. Town of Millinocket*, 478 A.2d 683, 686 (Me.1984). The judgment must provide the parties

with clear and definite terms in order that "those called upon to understand and obey it [are] not misled nor called upon to pay more than is due." *Lisbon School Committee v. Lisbon School Ass'n*, 438 A.2d 239, 245 (Me.1981). Section 5939 of the Arbitration Act will permit the court to modify the terms of an arbitration award, but only in those cases when a modification is necessary to correct a formal or jurisdictional deficiency in the award and when the modification will not affect the merits of the controversy.[4] If the court includes in its judgment language not contained in the arbitration award and the additional language directly affects the merits of the controversy between the parties, this substantive modification by the court "highlights the legal deficiency in the terms of the award" in the first instance and suggests that the arbitration award lacks the degree of clarity and definiteness necessary for enforcement of its terms. *Sargent v. Town of Millinocket*, 478 A.2d at 686. When presented with ambiguous language in the arbitration award, the court has no option but to submit the award to the arbitrator for clarification, *see* 14 M.R.S.A. § 5935 (1980),[5] since the court in no

**2.** Before the trial court the State also contended that the arbitration award was unenforceable because Strickland, as a licensed registered nurse, could not be reinstated in her previous position as a licensed practical nurse based on an advisory opinion obtained by the State from the Board of Nursing. The court found that this issue must be resolved after Strickland was reinstated to her former position as required under the collective bargaining agreement, as interpreted by the arbitrator. Neither party challenges this determination.

**3.** Section 5937 provides:

Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 5938 and 5939.

Section 5940 provides:

Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto and disbursements may be awarded by the court.

**4.** Section 5939 provides, in pertinent part:

**1. Application.** Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

**A.** There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

**B.** The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

**C.** The award is imperfect in a matter of form, not affecting the merits of the controversy.

**2. Modification or correction of award.** If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

**5.** Section 5935 provides:

On application of a party or, if an application to the court is pending under sections 5937 to 5939, on submission to the arbitrators by the court under such conditions as the

event may substitute its judgment for that of the arbitrator. *See Hearst Corp. v. Swiss Bank Corp.*, 584 A.2d 655, 659 (Me. 1991); *Sargent v. Town of Millinocket*, 478 A.2d at 686–87. Whether the language of a document is ambiguous is a question of law for the trial court, and accordingly, on appeal we review *de novo* the court's determination of that issue. *See, e.g., Bliss v. Bliss*, 583 A.2d 208, 210 (Me.1990).

In the instant case, the court was presented with a motion to confirm an arbitration award that provided that the prevailing party be "made whole for all losses and expenses incurred as a result of her improper termination" and "made whole for all lost earnings and benefits." Rather than confirming the award as issued, the court felt compelled to define the phrase "made whole," and its addition of the phrase "with no offset for workers' compensation benefits" is not in the nature of a formal modification permitted by section 5939 of the Arbitration Act. Moreover, the phrase "made whole" is inherently ambiguous and in differing legal context and factual circumstances could be read to either support or refute the State's entitlement to an offset for its prejudgment payment of benefits to Strickland. The indefiniteness of the remedy provided by the award is accentuated by the court's addition of explicative language to its judgment confirming the award, since that addition incorrectly suggests that the phrase "made whole" is self-defining. Because we find that the denotation of the phrase "made whole" is not evident and that its connotation is not apparent from the record of the arbitration proceedings before us, section 5935 requires that the arbitration award be submitted to the arbitrator for clarification of his award on the question whether the State may offset the workers' compensation benefits paid to Strickland.

Because the State does not challenge the provision of the arbitration award that requires Strickland's reinstatement to the first available LPN position at the prison, we affirm that portion of the judgment confirming that provision, *see Lisbon School Committee v. Lisbon Education Ass'n*, 438 A.2d at 245, and vacate that portion of the judgment confirming the remainder of the arbitration award.

The entry is:

That portion of the judgment of the Superior Court confirming the arbitrator's award pertaining to the reinstatement of Pamela Strickland is affirmed.

That portion of the judgment confirming the remainder of the arbitration award is vacated and remanded to the Superior Court with instructions to submit that portion of the award to the original arbitrator for clarification, pursuant to 14 M.R.S.A. § 5935, and in accordance with the opinion herein.

All concurring.

court may order, the arbitrators may modify or correct the award upon the grounds stated in section 5939, subsection 1, paragraphs A and C or for the purpose of clarifying the award. The application shall be made within 20 days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the opposing party, stating he must serve his objections thereto, if any, within 10 days from the notice. The award so modified or corrected is subject to sections 5937 to 5939.