**PELLETIER & FLANAGAN, INC.**

v.

**MAINE COURT FACILITIES AUTHORITY et al.**

Supreme Judicial Court of Maine.

Argued Dec. 5, 1995.

Decided March 21, 1996.

David P. Ray (orally), Amerling & Burns, P.A., Portland, for Plaintiff.

Mark G. Lavoie, Norman Hanson & Detroy, Portland, for Amicus Curiae.

Andrew Ketterer, Attorney General, Cabanne Howard (orally), Assistant Attorney General, Kristin A. Gustafson, Augusta, for Defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

The Maine Court Facilities Authority (MCFA) and the Bureau of General Services of the Department of Administrative and Financial Services [1] (collectively the State) appeal from a judgment entered in the Superior Court (Cumberland County, *Bradford, J.*) confirming an arbitration award in favor of Pelletier & Flanagan, Inc. (the Contractor). On appeal, the State argues that the arbitration award should be vacated because the arbitration panel lacked authority to consider the Contractor's claim for damages caused by the State's failure to pay promptly a prior arbitration award. We agree, and vacate the judgment.

The facts may be summarized as follows: On August 8, 1990, the State entered into a contract with Pelletier & Flanagan for the construction of a building to house the West Bath District Court, to be completed on or before December 1, 1991. The contract contained the following arbitration clause:

If, in the performance of this contract, there arises a dispute between the State of Maine and the Contractor which cannot be settled, then this dispute shall be submitted to Arbitration and both the State of Maine and the Contractor shall be bound by the decision of the Arbitrator.

This provision is governed by the Uniform Arbitration Act, 14 M.R.S.A. §§ 5927–5949 (1980 & Supp.1995).

In December 1991, the Contractor demanded arbitration, in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, of its dispute regarding the nine-month delay in construction caused by (1) the State's failure to obtain a permit from the Department of Environmental Protection and (2) the State's failure to obtain a water easement. In April 1992, the arbitration panel held hearings regarding the dispute and awarded the Contractor $485,000 plus administrative fees and expenses. The award specified that it was to be paid within thirty days of the date of the award, that interest would accrue at the rate of 12% per annum from day thirty-one until the date of payment, and that the award was

in "full satisfaction of all claims and/or counterclaims submitted to this arbitration." The State challenged the award and filed a motion to vacate in the Superior Court (Sagadahoc County). In December 1993, the court confirmed the award.

In July 1992, the Contractor submitted a second demand for arbitration, alleging:

The [State] has breached its contract[,] interfered with work and caused delays, extra and changed work and costs under the contract for construction of the West Bath District [Court]. All of the conduct of the [State] complained of herein has occurred since the conclusion of prior arbitration proceedings between the parties.

The State's response denied the claim and asserted a claim for liquidated damages in excess of $100,000 for delays in construction allegedly caused by the Contractor. The Contractor denied the State's claim and alleged that its damages exceeded $100,000. A second arbitration panel conducted hearings between July and September 1994. Both parties submitted evidence. At the hearings the State conceded that the Contractor's claims for damages caused by the State's alleged failure to pay contract requisitions were arbitrable. The State objected, however, to the Contractor's claim for damages caused by the State's delay in paying the first arbitration award, arguing that the panel lacked authority to consider the claim. The panel chose to consider both claims.

Prior to the first award, the Contractor had difficulty paying its subcontractors and suppliers, resulting in liens being filed on the building. The MCFA informed the Contractor in May 1992 that it would not pay any requisitions until the liens were released. From May until September 1992, the State did not make any payments due under the contract because of the liens. Due to confusion regarding which state agency was responsible for payment of the first arbitration award, and due to the State's appeal of the first award, the MCFA did not promptly pay the award. The State paid a portion of the first arbitration award, $320,000, in January

1. The Bureau of General Services was formerly called the Bureau of Public Improvement.

1993. The remaining balance plus $51,152 in interest was paid in September 1993.

In November 1994, the second arbitration panel, without specifying the basis on which the award was granted, awarded the Contractor $583,477 plus administrative fees and interest. Although both parties had requested it, the award contained no explanation, either of the theories of liability or of damages on which the award was based. In response to the State's application pursuant to section 5935 of the Uniform Arbitration Act, the arbitrators denied its request for clarification of the award. Pursuant to section 5937, the Contractor filed an application in the Superior Court (Cumberland County) to confirm the arbitration award. The State, pursuant to section 5938, filed a motion to vacate the award. The court denied the State's motion to vacate and confirmed the award. This appeal followed.

■■■ The final decision on the question of substantive arbitrability, i.e., whether the parties intended to submit the dispute to arbitration, is the function of the court. *Westbrook School Comm. v. Westbrook Teachers Ass'n*, 404 A.2d 204, 207 (Me.1979). We review the court's determination of substantive arbitrability for errors of law. *Granger Northern, Inc. v. Cianchette*, 572 A.2d 136, 138 (Me.1990). The court's confirmation of an arbitration award must be upheld unless it was compelled to vacate the award. *Concord Gen. Mut. Ins. Co. v. Northern Assur. Co.*, 603 A.2d 470, 472 (Me. 1992). The State has the burden of demonstrating one of the specific statutory grounds requiring the court to vacate the award. *Id.*

■■■ · The State contends that the arbitration panel and the court erred in determining that the arbitrators had the authority, by virtue of the arbitration clause in the contract, to arbitrate the Contractor's claim for damages caused by the State's failure to pay promptly the first arbitration award.[2] The Contractor argues to the contrary, that

the dispute over the State's delay in paying a previous arbitration award is within the arbitration agreement because it arises in the performance of the contract. The Contractor, however, cites no authority in support of its argument apposite to the facts of this case. It relies on our opinion in *Westbrook School Comm.* and similar cases asserting a strong preference for the application of arbitration agreements to contract disputes generally. When, as here, an arbitration award is itself the subject of a second arbitration proceeding, a very different question is presented. Our research has disclosed no persuasive authority supporting the arbitration panel's action. The reason seems obvious. An agreement to arbitrate a dispute is governed by the Uniform Arbitration Act, which contains specific provisions for vacating (14 M.R.S.A. § 5938) or confirming (*id.* § 5937) an award. Once either party has invoked the provisions of the Act, enforcement *vel non* of an award is reserved to the court. Pursuant to section 5940, "[u]pon the granting of an order confirming, modifying or correcting an award, [a] judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." Had the court vacated the first award, the second panel of arbitrators could not award damages for noncompliance. In this instance, the court confirmed the award seven months before the second arbitration hearing. Enforcement of what was then a judgment was the exclusive concern of the court. *Cf. Maine State Employees Ass'n Local 1989, SEIU v. State Dept. of Corrections*, 593 A.2d 650, 652 (Me.1991) (court may confirm and enter judgment on an arbitration award only if that award is unambiguous and enforceable by its terms, assuring that the judgment so entered will likewise be "sufficiently clear and definite that it is susceptible of enforcement") (quoting *H.E. Sargent, Inc. v. Town of Millinocket*, 478 A.2d 683, 686 (Me.1984)); *Hearst Corp. v. Swiss Bank Corp.*, 584 A.2d 655, 659 (Me.1991) (incomplete award is not

---

**2.** The State challenges the arbitrators' jurisdiction pursuant to 14 M.R.S.A. § 5938(1)(E) (1980 & Supp.1995), which provides:

> **1. Vacating award.** Upon application of a party, the court shall vacate an award where:

> . . .
> **E.** There was no arbitration agreement and the issue was not adversely determined in proceedings under section 5928 and the party did not participate in the arbitration hearing without raising the objection; . . .

susceptible to court enforcement); *H.E. Sargent, Inc.*, 478 A.2d at 686 (entry of judgment on confirmation of an award pursuant to section 5937 serves the purpose of allowing court enforcement of the terms of the award made by the arbitration panel).

Although we recognize the strong policy favoring arbitration, the instant agreement must be interpreted in light of the Uniform Arbitration Act. Because the Act specifically provides for judicial enforcement of arbitration awards, it would be inconsistent to find an implied agreement to arbitrate this dispute regarding the claimed failure to honor an award. Because the State preserved its objection that there was no agreement to arbitrate the dispute over payment of the first award, the second award should have been vacated pursuant to section 5938(1)(E).

The entry is:

Judgment vacated.

Remanded for the entry of a judgment vacating the arbitration award.

All concurring.