### MAINE STATE EMPLOYEES ASSOCIATION SEIU LOCAL 1989, et al.

v.

### DEPARTMENT OF CORRECTIONS, et al.[1]

Supreme Judicial Court of Maine.

Submitted on Briefs June 11, 1996.

Decided Aug. 16, 1996.

---

**1.** In all prior stages the caption of this proceeding was *Carl Tozier, et al. v. Thomas Meiser, et al.* We have recaptioned the case to designate the

Jack Hunt, Maine State Employees Association, SEIU Local 1989, Augusta, for appellants.

proper adversary parties. The full caption of this case is *Maine State Employees Association, SEIU Local 1989 and Carl Tozier v. Department of Corrections and Thomas J. Meiser, Director of Personnel, Department of Corrections and Bureau of Employee Relations.*

Peter J. Brann, Assistant Attorney General, Augusta, for appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

LIPEZ, Justice.

The Maine State Employees Association (MSEA) appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) dismissing its complaint alleging that the Department of Corrections (the Department) breached a settlement agreement between the Department and MSEA. Because the court erred in dismissing the complaint for the alleged failure of MSEA to name the proper party defendants, we vacate the dismissal.

*Background*

Carl Tozier was employed at the Maine Correctional Center. In March of 1992, the Department discharged Tozier on the basis of allegations that he drove a State vehicle while his driver's license was suspended. Tozier and MSEA filed a grievance contesting the discharge. Prior to arbitration the parties entered into a settlement agreement pursuant to which Tozier agreed, *inter alia*, to withdraw his grievance and the Department agreed to replace Tozier's dismissal with a resignation form stating that Tozier resigned for personal reasons. The agreement further provided that future employers seeking a reference for Tozier from the Department would have their questions answered based on Tozier's last annual evaluation, which did not mention his alleged misconduct.[2] The agreement was signed by

Tozier; a representative of MSEA unnamed in the record; Thomas Meiser, Director of Personnel for the Department; and Linda Lane, a labor relations specialist with the Bureau of Employee Relations.

In July of 1993, Tozier applied for a job as a Security Guard at the Baxter School for the Deaf. When the school contacted Thomas Meiser for a reference, Meiser disclosed information relating to Tozier's alleged misconduct. Tozier alleges that as a result of this reference he was not hired by the school.

Tozier and the MSEA then commenced the present action, alleging a breach of the settlement agreement by the defendants and seeking damages and injunctive relief. The complaint named Thomas J. Meiser, Linda Lane, the Bureau of Employee Relations and the Department of Corrections as party defendants. The defendants moved to dismiss the complaint pursuant to M.R.Civ.P. 12(b)(6), claiming that they were not parties to the agreement and therefore could not be held liable for an alleged breach of the agreement. The court agreed and dismissed the complaint. MSEA appeals from that dismissal.[3]

*Discussion*

■ The defendants contend that "the only parties to the Agreement are the MSEA and the State of Maine, which is not a party" and "that since none of the defendants were parties to the agreement, none of the defendants can be held liable for an alleged breach of the Agreement." Although the defendants claim that this argument challenges the sufficiency of the allegations contained in the complaint,[4] they are actually arguing that the

---

**2.** The settlement agreement provided in pertinent part

MEMORANDUM OF AGREEMENT
Grievance of Carl Tozier
Maine Correctional Center

The State of Maine ("State"), and the Maine State Employees Association ("MSEA"), the parties to the above captioned grievance, in consideration of the mutual promises as set forth within, hereby agree as follows:
1. The State wil [sic] rescind Mr. Tozier's dismissal and replace it with a resignation form that states that the employee resigned for personal reasons....

2. If asked for a reference, the Administration of the Maine Correction Center will state that the grievant worked at Maine Correction Center, the length of that service, and any job performance questions will be answered based on his last annual evaluation.
....

**3.** MSEA does not challenge the court's dismissal of its complaint with respect to Linda Lane.

**4.** In order to state a claim on which relief can be granted, a complaint must aver the necessary

MSEA failed to join the proper party defendants.

■ When a party seeks to sue an agency of the State, the proper party defendant is any officer, office, department, agency, authority, commission, board, or institution against whom the plaintiff has alleged a right to final relief. *See generally* 81A C.J.S. *States* § 318 (1977). *See e.g., KHK Assocs. v. Department of Human Servs.,* 632 A.2d 138 (Me.1993) (landlord suing for alleged breach of lease by state agency); *Maine State Employees Ass'n v. State Dep't of Corrections,* 593 A.2d 650 (Me.1991) (state agency appealing arbitration award to state employee). Having been discharged by the Department, Tozier entered into a settlement agreement that refers, at different points, to the State of Maine, the Administration of the Maine Correctional Center, the Maine Correctional Center, and the Department. Thomas Meiser signed the settlement agreement on behalf of the State of Maine, in his capacity as the Director of Personnel for the Department of Corrections, which has the responsibility for the administration of the State's correctional institutions. When a plaintiff seeks to challenge an administrative action of those institutions, the Maine Department of Corrections is a proper party defendant. *Clark v. Maine Dep't of Corrections,* 463 A.2d 762, 765 (Me.1983). Moreover, Thomas Meiser, in his official capacity as the Director of Personnel for the Department of Corrections, is also a proper defendant in this case. *See* M.R.Civ.P. 19(a); 25(d)(2).

■ This same analysis also applies to the naming of the Bureau of Employee Relations as a defendant. Title 26 M.R.S.A. § 979–A(5)(D) (1988) mandates that the Bureau of Employee Relations, *inter alia,* "[r]epresent the State in all bargaining unit determinations, elections, prohibited practice complaints and any other proceeding growing out of employee relations and collective bargaining activities ..." Because the present action stems from the alleged violation of an agreement entered into as the result of "a proceeding growing out of employee relations ... activities," and because the Bureau may be charged with providing part of the relief sought by Tozier or with insuring the Department's compliance with any judgment, the Bureau is also a proper party defendant to this suit. 67A C.J.S. *Parties* § 48 (1978) ("A person against whom the plaintiff has a right to any final relief ... is properly made a party defendant ...").

■ There is no merit to the State's argument that the Department or the Bureau is not a party to the settlement agreement because the agreement refers to the "State of Maine" as the contracting party. State agencies are routinely referred to as "the State" rather than by their discrete names. *See, e.g., Pelletier & Flanagan, Inc. v. Maine Court Facilities Auth.,* 673 A.2d 213, 214 (Me.1996) (referring to involved state agencies as "the State"); *Maine State Employees Ass'n v. State Dep't of Corrections,* 593 A.2d 650, 651 (Me.1991) (referring to the Department of Corrections as "the State"). Indeed, we routinely recaption complaints *sua sponte* that improperly name the State of Maine as a party to the action instead of the specific agency. *See, e.g., Bureau of Employee Relations v. Maine Labor Relations Board,* 655 A.2d 326, 326 (Me.1995) ("Although the State of Maine was named as plaintiff in this action, we have recaptioned the case to designate the proper party plaintiff."); *Anderson v. Commissioner of Dep't of Human Servs.,* 489 A.2d 1094, 1094 n. 1 (recaptioning complaint to substitute the Commissioner of the Department of Human Services for the "State of Maine"); *Leadbetter Int'l Trucks, Inc. v. State Tax Assessor,* 483 A.2d 1226, 1226 n. 1 (Me.1984) (recaptioning complaint to list State Tax Assessor rather than "State of Maine, Bureau of Taxation" as the proper party defendant); *Clark v. Maine Dep't of Corrections,* 463 A.2d at 765 (recaptioning complaint to reflect proper party defendant

elements of the cause of action. *Jackson v. Borkowski,* 627 A.2d 1010, 1014 (Me.1993). "If the complaint fairly alleges each essential element of a claim, it will not fail for insufficiency ..."

*Dom J. Moreau & Son, Inc. v. Federal Pacific Elec. Co.,* 378 A.2d 151, 153 (Me.1977). MSEA's complaint sufficiently alleges the elements of a breach of contract action. *Id.*

where plaintiff had named "Maine State Prison" as the defendant to the suit).

Even if the court had been correct in its determination that MSEA should have named "the State" as a party defendant, dismissal was an improper remedy for such an innocuous mistake.

The misnaming of a party, as opposed to naming the wrong party, is not fatal to the complaint and does not require dismissal.... Absent any showing of prejudice ... due to the misnomer, it was error for the court to dismiss the complaint for failure to name a proper party defendant.

*Jackson v. Borkowski,* 627 A.2d 1010, 1014 (Me.1993). The mere misidentification of an agency of the State does not necessitate the dismissal of the complaint. A court that becomes aware of such an error should simply change the title of the case to reflect correctly the adversary parties involved. *See Clark,* 463 A.2d at 765.

The entry is:

Judgment vacated.

All concurring.