STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99- 178
DHM-KEN - 5/17/2000

STEPHEN W. WESTON,

Petitioner

v.

KAREN M. BURKE,

Respondent

DECISION AND ORDER

This matter is before the court on petitioner's motion to vacate award of Fee Arbitration Panel, plaintiff's application for modification or correction of Fee Arbitration Panel award, respondent's motion to dismiss petitioner's application to modify or correct award, and for Rule 11 sanctions, and respondent's motion to dismiss petitioner's motion to vacate award of Fee Arbitration Panel and for Rule 11 sanctions.

On October 21, 1998, petitioner initiated a petition for arbitration of fee dispute with the Fee Arbitration Commission Panel of the Board of Overseers of the Bar. In it, the petitioner agreed to binding arbitration thereby waiving his legal right to initiate relief in a court. His petition further agreed that the court having jurisdiction may enter a judgment upon the award. After hearings at which it considered testimony and exhibits, the Fee Arbitration Panel issued an award and determination dated April 21, 1999, which was filed with the Board of Overseers of the Bar on April 28, 1999. On July 27, 1999, petitioner brought a motion to vacate the award of the Arbitration Panel invoking 14 M.R.S.A. § 5938(1)(A) alleging

corruption, fraud, or other undue means and 14 M.R.S.A. § 5938(1)(B) alleging evident partiality on the part of the neutral. On that same date, petitioner filed an application for modification or correction of Fee Arbitration Panel award invoking 14 M.R.S.A. § 5939.

Respondent has moved to dismiss on the ground that the motion and application were untimely filed thereby denying this court jurisdiction over the matter. Title 14 M.R.S.A. § 5938 is entitled "Vacating an Award" and requires that an application under the section must be made within 90 days after delivery of a copy of the award to the applicant. Title 14 M.R.S.A. § 5939 is entitled "Modification or Correction of Award" and provides that an application to modify or correct must be made within 90 days after delivery of a copy of the award to the applicant. The petitioner alleges that he received a copy on May 1, 1999, but provides no evidence in substantiation of that assertion. However, the court would assume that the petitioner received a copy of the award no earlier than the date it was filed with the Board of Overseers of the Bar, April 28, 1999. Under those circumstances, a filing of an application on July 27 would have been a filing on the 90th day. Therefore, the applications are timely, the court does have jurisdiction and the motion to dismiss of respondent on that ground must be denied.

Petitioner argues in its memorandum of law in support of its application to modify or correct a number of factual assertions which he believes are incorrect and based upon error. However, all of the assertions are fact based. Both the petitioner and his motion and respondent in her answer suggest the court "do the math."

With respect to petitioner's motion to vacate the award, his entire basis for fraud is disputes of fact and procedure in which the motivation of the respondent is called into question as well as the findings by the Panel which petitioner assumes is evidence of partiality. In sum and substance, the petitioner is unhappy with the factual findings of the Panel but presents no evidence of facts constituting the elements of fraud or obvious error.

A party seeking vacation of an arbitration award has the burden of demonstrating one of specific statutory grounds requiring the court to vacate the award. *Pelletier & Flanagan, Inc. v. Maine Court Facilities Authority*, 673 A.2d 213 (Me. 1996). The burden of proof rests on the party attacking the correctness of the arbitration award. *Maine State Employees Ass'n. v. State, Dep't of Defense*, 436 A.2d 394 (Me. 1981). The Supreme Court has ruled that it will uphold a trial court's confirmation of an arbitration award unless the trial court was compelled to vacate the award. *School Administrative District No. 58 v. Mt. Abrams Teachers Ass'n*, 704 A.2d 349 (Me. 1997); *American Federation of State, County & Municipal Employees Council 93 v. City of Portland*, 675 A.2d 100 (Me. 1996); *Pelletier & Flanagan, Inc. v. Maine Court Facilities Authority*, 673 A.2d 213 (Me. 1996). Under these circumstances, it would appear to be the law of this land that the burden of proof on a party seeking to vacate an arbitration award is that of establishing by a preponderance of the evidence that this court is compelled to vacate such an award. Whether or not this court must require a standard of proof of clear and convincing evidence of fraud, there is nothing in a review of the record of this case nor the

assertions by petitioner of the presence of fraud even following a more likely than not standard.

With respect to the application to modify the terms of the arbitration award, our Law Court permits this court to modify terms of arbitration award only in those cases when modification is necessary to correct a formal or jurisdictional deficiency in the award and when modification will not affect the merits of the controversy. *Maine State Employees Ass'n Local 1989 SEIU v. State Dep't of Corrections*, 593 A.2d 650 (Me. 1991). In the event this court is factually concerned with the necessity for modification or corruption, it has the authority to resubmit the award to the arbitrators for clarification. *H.E. Sargent, Inc. v. Town of Millinocket*, 470 A.2d 683 (Me. 1984). In this matter, the petitioner has not convinced this court that, as a matter of fact, there are entries to be corrected. In that regard, the court notes, the Fee Arbitration Panel involved in these proceedings was recipient of a motion dated July 28, 1999 and served upon it by the petitioner for reconsideration of the Panel's award and determination. In this, the Panel obviously had an opportunity and allegations before it to consider mathematical corrections in its decision.[1]

For all the reasons cited above, the entry will be:

Petitioner's motion (sic) to vacate award of Fee Arbitration Panel is DENIED; petitioner's application for modification of correction of Fee Arbitration Panel Award is DENIED; respondent's motion to dismiss petitioner's application to modify or correct award and for Rule 11 sanctions is DENIED; respondent's motion to dismiss petitioner's motion to vacate award of Fee Arbitration Panel (sic) and Rule 11

---

[1] This motion encompassed 55 pages of assertions by the petitioner and a greater number of pages of exhibits attached thereto.

4

sanctions is DENIED: judgment in accordance with the award and determination of the Fee Arbitration Panel of the Board of Overseers of the Bar in the matter of dispute No. 98-71-G, Panel No. III, is CONFIRMED.

Dated: May _____12_____, 2000

Donald H. Marden
Justice, Superior Court

Date Filed __7/27/99__ __Kennebec__ Docket No. __CV-99-178__ ____
County

Action ___  OTHER-MOTION TO VACATE ARBITRATION

████████ ████████
████ ████████

MAY 26 2000

Stephen W. Weston                    vs.    Karen M. Burke, Esq.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Brian P. Winchester, Esq.<br>116  State Street<br>Augusta, Maine 04330 | Karen M Burke Esq<br>PO Box 316<br>One Green St suite One<br>Winthrop Me  04364 |

| Date of Entry | |
|---|---|
| 7/28/99 | Motion to Vacate Award of Fee Arbitration Panel, filed. s/Winchester, Esq. Application for Modification or Correction of Fee Arbitration Panel Award, filed. s/Winchester, Esq.   (filed 7/27/99)<br>Memorandum of Law in Support of Application to Modify or Correct Award, filed. s/Winchester, Esq.<br>Memorandum of Law in Support of Motion to Vacate Award of Fee Arbitration Panel, filed. s/Winchester, Esq.<br>Motion for Stay of Proceedings Pending Reconsideration by Fee Arbitration Panel, filed. s/Winchester, Esq. |
| 8/2/99 | COUNSEL MUST PROVIDE FORM OF ORDER  s/Marden,J.   (Signed on 8/1/99)<br>Copies mailed to parties. |
| 8/6/99 | Return of Service on Karen Burke on 7/30/99, filed.<br>Notice of Important Rights, filed. s/Winchester, Esq.<br>Proposed Order on Motion for Stay, filed. |
| 8/9/99 | ORDER ON MOTION FOR  STAY OF PROCEEDINGS, MARDEN, J.<br>Copies mailed to atty of record. |
| 8/20/99 | Motion to dismiss petitioners application to modify or correct award and for rule 11 sanctions filed.  s/Burke,Esq.<br>Motion to dismiss petitioners motion to vacate award of fee arbitration panel and for rule 11 sanctions filed.   s/ ██ke |
| 3/6/00 | Supplemental memorandum of law in support of motion to dismiss petitioners motion to vacate award of fee arbitration panel and motion to dismiss petitioners application to modify or correct award and for rule 11 sanctions filed.  s/Burke Esq<br>Proposed order on motion to fismiss petitioners motion to vacate award of fee arbitration panel and for rule 11 sanctions filed. |
| 3/8/00 | Memorandum in opposition to supplemental memorandum of law filed by respondent under date of March 3, 2000 filed  s/Winchester Esq |
| 3/9/00 | Oral arguments heard with Justice Marden presiding, Attys Winchester and Burke present .<br>Court takes underadvisement |