STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss.                                  CIVIL ACTION
                                                 DOCKET NO. CV-06-280
                                                 RAC-Cum-1/16/2009

RICHARD M. MORABITO, SR. and
MARY MORABITO

                    Plaintiffs
                                                 ORDER
        v.

DONALENE NELSON, WAYNE
NELSEN, D&W HOMEBUILDERS,
INC., and DWN ASSET MANAGEMENT

                    Defendants

This case comes before the Court on Plaintiffs' Application for

Confirmation of Award pursuant to 14 M.R.S.A. §5937 and Defendants' Motion

for Modification and Correction of Award pursuant to 14 M.R.S.A. §5939.

## BACKGROUND

On or about April 19, 2002, the Morabitos entered into a home

construction contract with the Defendants. Under the agreement, disputes were

to be submitted to binding arbitration.

A dispute arose concerning the construction of the Morabitos' residence.

The Morabitos alleged that the vinyl siding and roof shingles of the residence

were improperly installed, and that there were certain structural defects that

needed repair.[1] Attempts to informally settle the dispute failed, and therefore,

the matter went to binding arbitration.

---

[1] Specifically, the Morabitos alleged that the center girder in the garage was not
to specifications, that new concrete footing was needed for a lally column, that
12-18 electrical wires needed to be relocated so as not to penetrate the new

On January 22, 2007, the arbitrator, Michael Dell'Olio, decided that the vinyl siding and roof shingles were improperly installed, and therefore, ordered the Defendants to pay to the Morabitos: (1) $456.24 for the defective vinyl installation, (2) $7,930.00 for the defective roof installation, and (3) an additional $875.00 "as damages relating to the roofing issue." The arbitrator did not decide the issue concerning structural defects, noting, "this issue remains open and will be determined when all papers have been submitted."

On February 21, 2007, based on the arbitrator's findings, the Morabitos filed a motion for confirmation of arbitration award pursuant to M.R.S.A. §5937. The Defendants objected to this motion, arguing that it was premature to confirm the award because the arbitrator did not decide the "structural defects" issue. The court agreed, staying the motion for confirmation of arbitration award until the arbitrator reached a decision on this issue. The matter did not go to arbitration until January 22, 2008. On August 7, 2008, the arbitrator issued his dispute resolution report, concluding that there were structural integrity problems with the Morabitos' residence. Further, he ordered that (1) Defendants pay for the cost of repairing the Morabitos' residence in the amount of $27,500.00, (2) all parties must sign off on the final work product of the repairs, (3) Defendants pay the Morabitos $1,758.00 as damages for the structural defects, and finally (4) Defendants pay the final arbitration fee of $1,060.00.

On August 25, 2008, the Morabitos filed a second application for confirmation of an award pursuant to 14 M.R.S.A. §5937. On September 9, 2008,

---

column, and that the "hump" in the kitchen's hardwood floor needed to be repaired.

the Defendants filed their motion for modification and correction of award pursuant to 14 M.R.S.A. §5939.

In their motion for modification, the Defendants (1) request a conclusion of law and of fact from the arbitrator on the issue of individual liability, specifically on the issue of whether the corporate veil has been pierced in accordance with Maine case law; (2) request the arbitrator to decide whether the right to cure applies in this case; (3) request a finding of fact why Defendants' expert report, prepared by Associated Design Partners, Inc., was not found credible; (4) requests a finding of fact why Chase Custom Homes' estimate concerning the cost to fix the structural integrity was deemed conclusive; and finally, (5) a finding as to why a monetary award is proper given the fact that the Morabitos maintain that this dispute has "nothing to do with money." The Morabitos claim that the arbitration award speaks for itself on all of these issues.

## DISCUSSION

Under 14 M.R.S.A. §5937, a court shall confirm an arbitration award unless, within a certain time, "grounds are urged for vacating or modifying or correcting the award." Under 14 M.R.S.A. §5935, "if an application to the court is pending under sections 5937 to 5939[2], on submission to the arbitrators under

---

[2] This is the case here, where Defendants have moved for a modification or correction of the award pursuant to Section 5939. This section provides:

1. Application. Upon application made within 90 days after delivery of a copy the award to the applicant, the court shall modify or correct the award where:

A. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

3

such condition as the court may order, the arbitrators may modify or correct the award on the grounds stated in section 5939, subsection 1, paragraphs A and C or *for the purposes of clarifying the award.*" (Emphasis added).

In order to confirm an award under 14 M.R.S.A. §5937, the award must be "sufficiently clear and definite so that it is susceptible of enforcement and those called upon to enforce it must not be misled or called upon to pay more than is due." *Lisbon School Committee v. Lisbon Educational Ass'n*, 438 A.2d 239, 245 (Me. 1981). Past Law Court decisions "demonstrate that the standard of 'clarity and definiteness necessary for a court of law to confirm and enter judgment' requires arbitration decisions to be unambiguous and enforceable by their terms." *Hearst Corp. v. Swiss Bank Corp., New York Branch*, 584 A.2d 655, 659 (Me. 1990)(quoting *Sargent v. Town of Millinocket*, 478 A.2d 683, 686 (Me. 1984)).

For example, in *Sargent*, the Law Court held that it was error for the trial court to confirm an arbitration award that failed to "state the party against whom each individual claim or award was made, nor [did] it state the interrelationship, if any, of the individual awards." 478 A.2d at 685. Based on this failure, the Law Court held that the court should have submitted the award to the arbitrators for clarification. *Id.* at 687.

Here, the Dispute Resolution Award prepared by Mr. Dell'Olio outlines the amount of money owed to the Morabitos by the Defendants. However, the award does not specifically state which Defendant, referred to by Mr. Dell'Olio

---

B. The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

C. The award is imperfect in a matter of form, not affecting the merits of the controversy.

4

collectively as the "Respondents," is responsible for what portion of the amount owed to the Morabitos. As was the case in *Sargent*, the arbitrator's failure to explicitly state the party against whom each individual award was made makes the award ambiguous. It is especially ambiguous here, where the arbitrator referred to Wayne and Donalene Nelson, D&W Homebuilders, and DWN Asset Management collectively as "Respondents" even though the original home construction contract, which was signed by Wayne Nelson and identifies D&W Builders, Inc. as party to the contract, is devoid of any mention of Donalene Nelson or DWN Asset Management. As such, the award cannot be confirmed, and the matter should be resubmitted to the arbitrator for the sole purpose of delineating what the award is against each of the parties.

The other issues raised by the Defendants do not go to the award's "definitiveness or clarity" and therefore, do not need to be clarified for the award to be unambiguous and enforceable. Moreover, these issues do not fall under any of the grounds for modification or correction under Section 5939(1).

**Therefore, the entry is:**

Plaintiffs' motion for confirmation of arbitration award is **DENIED**.

Defendants' motion for modification and correction is **GRANTED**. This matter shall be submitted to the arbitrator for clarification on the issue of what the award is against each of the named parties.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: June 6, 2009

Roland A. Cole
Justice, Superior Court

5

)F COURTS
and County
Box 287
ine 04112-0287

RAY PALLAS ESQ
425 MAIN STREET
WESTBROOK ME 04092



F COURTS
and County
3ox 287
ine 04112-0287

FRANK CHOWDRY ESQ
PO BOX 4510
PORTLAND ME 04112



STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION

                                                  DOCKET NO: CV-06-280

RICHARD M. MORABITO, SR.   2009 JUN 19  A 11: 57
and MARY E. MORABITO

                          Plaintiffs

         v.                                       ORDER

DONALENE NELSEN, WAYNE
NELSEN, D&W HOMEBUILDERS,
INC., and DWN ASSET MANAGEMENT

                          Defendants


        This case comes before the Court on Plaintiff's second Application for

Confirmation of Award, made pursuant to 14 M.R.S.A. § 5937.

                          BACKGROUND

        This case involves a home construction dispute. The Morabitos, alleging

several defects in the Defendants' construction of their home, sought to have the

dispute settled by arbitration. On January 22, 2007, the arbitrator, Michael

Dell'Olio, finding that there were several defects with the construction of the

home, decided in the Plaintiffs' favor on the issues submitted to arbitration.

However, at this time, Mr. Dell'Olio failed to decide an issue concerning certain

structural defects, noting, "this issue remains open and will be determined when

all papers have been submitted."

        On February 21, 2007, based on the arbitrator's findings, the Morabitos

filed a motion for confirmation of arbitration award pursuant to M.R.S.A. § 5937.

This Court stayed the motion for confirmation of arbitration award until the

arbitrator reached a decision on the structural defects issue.

On August 7, 2008, the arbitrator concluded in his dispute resolution report that there were structural integrity problems with the Morabitos' residence. From this, he ordered that (1) Defendants pay for the cost of repairing the Morabitos' residence in the amount of $27,500.00, (2) all parties must sign off on the final work product of the repairs, (3) Defendants pay the Morabitos $1,758.00 as damages for the structural defects, and finally (4) Defendants pay the final arbitration fee of $1,060.00.

On August 25, 2008, the Morabitos filed an application for confirmation of an award pursuant to 14 M.R.S.A. §5937. On January 6, 2009, this Court confirmed all but one aspect of the arbitration award. However, based on the fact that the award did not fully detail each of the Defendants' individual liability, this Court sent the matter back to Mr. Dell'Olio so that this aspect of the award could be clarified.

On January 20, 2009, Mr. Dell'Olio filed a clarification with the court. There, it was explained that,

> DWN Asset Management Inc., [and] Donalene Nelsen conveyed to Richard Morabito and Mary Morabito the track of land as a package deal for the construction of a home. D&W Builders, entered into an agreement on April 19, 2002 with Richard M. Morabito and Mary Morabito, for a home construction package, which included the land. Wayne Nelson signed the contract individually. Wayne Nelsen, as the record indicates, signed personally on various agreements and checks indicating personal liability.

Based on these facts, the arbitrator found that Defendants "are under a common ownership, have pervasive control of the entities, [and] there was confusion as to the intermingling of business activities." Coupling these facts with the conclusion that it would be unjust and inequitable to treat the Defendants as

2

separate entities, Mr. Dell'Olio decided that the corporate veil had been pierced[1], and that all named Defendants were jointly and severally liable to the Morabitos in the amount of $29,258.00 for the defective work done in constructing the residence.[2]

On March 19, 2009, the Morabitos filed the present application for confirmation of an arbitration award.

## DISCUSSION

In order to confirm an award under 14 M.R.S.A. § 3937, the award must be "sufficiently clear and definite so that it is susceptible of enforcement and those called upon to enforce it must not be misled or called upon to pay more than is due." *Lisbon School Committee v. Lisbon Educational Ass'n*, 438 A.2d 239, 245 (Me. 1981). Past Law Court decisions "demonstrate that the standard of 'clarity and definiteness necessary for a court of law to confirm and enter judgment' requires arbitration decisions to be unambiguous and enforceable by their terms." *Hearst Corp. v. Swiss Bank Corp., New York Branch*, 584 A.2d 655, 659 (Me. 1990)(quoting *Sargent v. Town of Millinocket*, 478 A.2d 683, 686 (Me. 1984)). Moreover, for a court to confirm an arbitration award, the award must "state the party against whom each individual claim or award was made."

In its January 6, 2009 Order, this Court confirmed the majority of the arbitration award, but sent the matter back to Mr. Dell'Olio so that he could clearly delineate each Defendants' individual liability. The arbitrator's

---

[1] A corporate veil is pierced "if a plaintiff establishes that: "(1) the defendant abused the privilege of a separate corporate identity; and (2) an unjust or inequitable result would occur if the court recognized the separate corporate existence." *State v. Weinschenk*, 2005 ME 28, ¶ 19, 868 A.2d 200, 207.

[2] This amount came from the original dispute resolution report, issued on August 7, 2008, and has already been confirmed by this Court in its January 6, 2009 Order.

3

clarification, issued on January 20, 2009, clearly explains that, based on record evidence, the corporate veil had been pieced and that the Defendants are jointly and severally liable to the Morabitos for the full arbitration award plus the arbitration fee. As such, as this clearly states the party against whom each claim or award was made, the arbitration award should be confirmed.

## Therefore, the entry is:

Plaintiff's Motion to Confirm Arbitration Award, made pursuant to 14 M.R.S.A. §5937, is GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _June 15, 2009_

_____
Roland A. Cole
Justice, Superior Court

4

RICHARD M MORABITO SR VS DONNALENE NELSEN
UTN:AOCSsr  -2006-0054014                        CASE #:PORSC-CV-2006-00280
-----------------------------------------------------------------------------
SEL VD                                   REPRESENTATION TYPE        DATE
01 0000003706 ATTORNEY:CHOWDRY, FRANK K N
ADDR:10 FREE STREET PO BOX 4510 PORTLAND ME 04112
      F FOR:DONNALENE NELSEN                     DEF        RTND   02/22/2007
      F FOR:WAYNE NELSEN                         DEF        RTND   02/22/2007
      F FOR:D&W HOME BUILDERS, INC.              DEF        RTND   02/22/2007

02 0000001594 ATTORNEY:PALLAS, RAY
ADDR:425 MAIN STREET WESTBROOK ME 04092
      F FOR:RICHARD M MORABITO SR                PL         RTND   07/30/2007



        Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.