ENTERED SEP 2 3 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-271
CUM-TDW-9-05-14

AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL
EMPLOYEES COUNCIL 93

       Plaintiff

v.

       ORDER

CITY OF SOUTH PORTLAND,

       Defendant

STATE OF MAINE
Cumberland. ss, Clerk's Office

SEP 08 2014

RECEIVED

Before the court is a motion by plaintiff AFSCME Council 93 to confirm an arbitration award entered against the City of South Portland.

There is no dispute between the parties that AFSCME prevailed in the arbitration. In its decision the arbitration panel ruled that that AFSCME's grievance was granted and that the City "shall post available overtime opportunities in the PWD [Public Works Department]"[1] and that the City "shall provide training to interested bargaining unit members on the preparation and grooming functions at Wainwright Athletic fields." Maine Board of Arbitration and Conciliation Award dated May 12, 2013. However, the arbitration decision did not award any back pay or other monetary relief.

AFSCME's motion to confirm seeks a proceeding "to judicially confirm the Union's calculation of back pay" or to remand the case back to the Board for it to independently calculate the amount of back pay.

The City correctly argues that AFSCME is not seeking the court to confirm the arbitration award but is actually seeking to have the court modify the award to include a

---

[1] It is apparent from the arbitration decision that the overtime opportunities that must be posted involve overtime opportunities at the Wainwright Athletic Field.

monetary remedy that, for whatever reason, the arbitration panel did not award. This conclusion is supported by the fact that on September 30, 2013 – approximately 141 days after the arbitration decision was issued – AFSCME submitted a request to the arbitration panel to clarify its May 12, 2013 award to include monetary relief. That request was denied by the Board on the ground that AFSCME had not sought to clarify the award within the 20 day period specified in 14 M.R.S. § 5935, nor had it moved to modify or correct the award within the 90 days specified in 14 M.R.S. § 5939(1).

Where the arbitration panel has expressly declined to modify or "clarify" its award to include monetary relief, the court has no authority to substitute its judgment for that of the arbitration panel. Maine State Employees Ass'n Local 1989 v. State Department of Corrections, 593 A.2d 650, 653 (Me. 1991). Moreover, while the court can remand a decision to an arbitration panel for clarification if an arbitration award is ambiguous, the award in this case is not ambiguous – it clearly sets forth the non-monetary relief awarded and clearly omits any back pay or other monetary relief.

The entry shall be:

Plaintiff's motion to confirm the arbitration award is granted in part and denied in part. Plaintiff's motion to confirm the arbitration award by adding monetary relief in the form of back pay is denied. The arbitration award is confirmed as entered, and the court therefore orders:

1. that the City of South Portland shall post available overtime opportunities at the Wainwright Athletic Fields in the Public Works Department.

2. that the City shall provide training to interested bargaining unit members on the preparation and grooming functions at the Wainwright Athletic fields.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

2

Dated: September 5, 2014

Thomas D. Warren
Justice, Superior Court

3

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

SHAWN SULLIVAN ESQ
LAW OFFICES OF SHAWN SULLIVAN
10 FERRY STREET BOX 12 SUITE 317
CONCORD NH 03301

Plaintiff's At

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

CHRISTOPHER TAINTOR ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

Defendant's Attorney